CHAPMAN WENTWORTH, Appellant, *v.* FORD MOTOR COMPANY, Respondent.

No. 6727

October 5, 1972                     501 P.2d 1218

*Goldwater, Hill, Mortimer & Sourwine* and *C. Frederick Pinkerton,* of Reno, for Appellant.

*Wait, Shamberger & Georgeson,* of Reno, for Respondent.

## OPINION

By the Court, GUNDERSON, J.:

Appellant Wentworth and respondent Ford Motor Company are co-defendants in consolidated wrongful death actions arising from an automobile collision. In his Complaints, the decedents' personal representative predicates claims against Wentworth in part on allegations that Wentworth caused the accident by driving with defective brakes in violation of Nevada statutes.[1] He predicates claims against Ford on allegations that the brakes were defective when Ford released

---

[1] In July of 1968, when the collision in question occurred, the following statutes were in force:

NRS 484.420(1): "Every motor vehicle . . . shall be equipped with brakes adequate to control the movement of and to stop and hold such vehicle . . ."

NRS 484.420(4): "Every new motor vehicle . . . sold in this state after March 25, 1939 . . . shall be equipped with service brakes upon all wheels . . ."

NRS 484.430: "Every motor vehicle . . . shall be capable . . . of

the car into commerce. Having leased the car shortly before the accident, Wentworth cross-claimed against Ford, alleging the defective brakes were the sole cause of the accident, and seeking indemnity for any liability that might be assessed against him. The district court granted Ford's motion to dismiss Wentworth's cross-claims for failure to state claims on which relief could be granted, directing the entry of a final judgment upon an express determination under NRCP 54(b) that there was no just reason for delay. Wentworth has appealed.

Ford's argument to vindicate the dismissal of Wentworth's cross-claims is that without at least some personal negligence on Wentworth's part, the alleged failure of Wentworth's brakes would not render him liable to plaintiff at all; hence, Ford urges, Wentworth is not subject to liability for which he may claim indemnity from Ford. Stated another way, Ford contends Nevada law allows the owner or lessee of an automobile to delegate his legal duties to maintain proper brakes to others, for whose lapses he will not be liable if injury to third persons results.[2] We do not agree.

being stopped . . . upon application of the service (foot) brake, within the distances specified below, or shall be capable of being decelerated at a sustained rate corresponding to these distances: [specifying]."

NRS 484.440: "All brakes shall be maintained in good working order and shall be so adjusted as to operate as equally as practicable with respect to the wheels on opposite sides of the vehicle."

Compare: NRS 484.593; NRS 484.595; NRS 484.597.

[2]Counsel for appellant Wentworth have devoted their Opening Brief to the contention that, assuming Wentworth is liable for operating the allegedly defective vehicle released into commerce by Ford (an assumption they of course make no attempt to support), then Wentworth has a right to indemnity from Ford.

In their Answering Brief, counsel for Ford have agreed, saying: "Although the Respondent has no argument with the authorities cited by the Appellant as they apply to those jurisdictions which impose a statutory nondelegable duty upon the owner and/or operator of a vehicle to keep the equipment thereof in proper working order, and making it unlawful to operate a vehicle which is not in proper working condition, regardless of knowledge or notice of such defects, these authorities are inapplicable to this case because the law of the State of Nevada does not impose such a statutory duty. Under the law of Nevada, the mere failure to inspect and discover a defect, without notice thereof or reason to suspect such defective condition, or, stated differently, mere reliance on the exercise of proper care by the manufacturer is not of itself sufficient to impose lible [sic] upon the operator of the defective vehicle."

In their Reply Brief, counsel for Wentworth manifest no apparent disagreement with counsel for Ford, saying: "Respondent's answer is

It is true that, until quite recently, "courts repeatedly held that although a man would be responsible for all damages done by his wild beast, he would not be responsible for damage inflicted by his unstoppable mechanical monster unless he personally was found to be at fault in its maintenance." D. Jones, C. Weldon and S. Schekman, *Brakeless Vehicle Victims Get a Break,* Vol. VIII, No. 2 C.T.L.J. 12 (Spring, 1969). This, however, seems neither the current trend nor, in our opinion, the better view.[3]

Under statutes similar to NRS 484.420(1) and NRS 484.-440, the California Supreme Court recently re-examined the question, holding that the motorist's duty to maintain automobile brakes in compliance with the vehicle code is nondelegable. Maloney v. Rath, 445 P.2d 513 (Cal. 1968). Speaking for the Court, Chief Justice Traynor said:

". . . The statutory provisions regulating the maintenance and equipment of automobiles constitute express legislative recognition of the fact that improperly maintained motor vehicles threaten 'a grave risk of serious bodily harm or death.' The responsibility for minimizing that risk or compensating for the failure to do so properly rests with the person who owns and operates the vehicle. He is the party primarily to be benefited. by its use; he selects the contractor and is free to insist upon one who is financially responsible and to demand indemnity from him; the cost of his liability insurance that distributes the risk is properly attributable to his activities; and discharge of the duty to exercise reasonable care in the maintenance of his vehicle is of the utmost importance to the public. . . ." Id., at 516; accord: Clark v. Dziabas, 445 P.2d 517 (Cal. 1968).

We have no doubt the modern view, as expressed by Chief Justice Traynor, best accords with natural justice, and is most conducive to the search for truth in cases like the instant one.

---

that Appellant cannot be negligent unless he had knowledge of the bad brakes before the accident. Of course, Appellant hopes this is true, but the lower court, when it dismissed the cross claim, did not also declare the law of the case to require knowledge."

While some members of this court therefore have doubted that this appeal presents an actual, present controversy, we have ultimately determined to decide the narrow question presented, in part because the district court evidently desires our guidance before proceeding further.

[3]Consider: *Brakeless Vehicle Victims Get a Break,* cited above; see also: O. Danker, *Brake Failure as Negligence Per Se,* 16 Clev.-Mar.L. Rev. 131 (1967), and cases there cited.

Ford cites NRS 484.500 (now NRS 484.697) to support the premise that the driver of a vehicle with defective brakes can incur civil liability only if he has notice of the defect.[4] In our view, Ford's reliance on that penal statute (which is similar to Cal.Veh. Code § 24004) is misplaced. When the full text of that statute is read in context with those that precede and follow, it becomes manifest that NRS 484.490 through NRS 484.510 (NRS 484.695 through NRS 484.701) are primarily concerned with inspection of vehicles by police, and should not be read to limit obligations imposed by other statutes intended to protect the public.

The judgment appealed from is reversed.

ZENOFF, C. J., and BATJER, MOWBRAY, and THOMPSON, JJ., concur.

---

[4]*484.500   Operation of vehicles without required equipment or in unsafe condition prohibited.*   No person shall operate any vehicle or combination of vehicles after notice of such unsafe condition or that the vehicle is not equipped as required by this chapter, except as may be necessary to return such vehicle or combination of vehicles to the residence or place of business of the owner or driver or to a garage, until the vehicle and its equipment has been made to conform with the requirements of this chapter.