581 P.2d 285

Timothy Allen SIVERSON, Appellant,

v.

Joseph F. MARTORI, Goldmar Incorporated, an Arizona Corporation, Anthony Martori and Ruth Martori, his wife, Appellees.

No. 1 CA–CIV 3573.

Court of Appeals of Arizona,
Division 1,
Department A.

May 11, 1978.

Rehearing Denied June 15, 1978.

Review Denied July 11, 1978.

---

442

Cunningham, Goodson, Tiffany, Ltd. by James P. Cunningham, James W. Ryan, Phoenix, for appellant.

O'Connor, Cavanagh, Anderson, Westover, Killingsworth & Beshears by P. Michael Whipple, Phoenix, and Martori, Meyer, Hendricks & Victor, P.A. by Robert L. Palmer, Andrew D. Hurwitz, Phoenix, for appellees.

## OPINION

FROEB, Chief Judge.

This appeal concerns the liability of the bailor of a motorcycle to a permittee of the bailee for injuries arising from a claimed dangerous mechanical condition caused by the bailee.

Appellant Timothy Siverson brought this action to recover for personal injuries arising out of an accident which occurred in Glendale, Arizona, on March 19, 1973. The complaint named as defendants Joseph Martori (Joseph) and Joseph's parents, Anthony Martori and Ruth Martori (the Martoris). It alleged that the Martoris were the legal titleholders of the motorcycle involved in the accident and that defendants were negligent in the care and the maintenance of the motorcycle. The Martoris denied liability and moved for summary judgment. Joseph did not join in the motion and the action is pending against him. From a grant of summary judgment in favor of the Martoris, Siverson appeals.

On the day of the accident Siverson borrowed the motorcycle from Joseph, his roommate, to obtain a part for his car. With a friend on the back of the motorcycle, Siverson drove approximately eight blocks to a garage in Glendale. They were returning on Glendale Avenue when they collided with a pickup truck at 52nd Avenue, causing injuries to Siverson.

At the time of the accident the motorcycle had only one brake, a foot brake for the rear wheel. Joseph had previously removed the front brake from the front wheel assembly. The front brake had been operated by a brake lever on the handlebar, which Joseph had also removed.

Although the records of the Motor Vehicle Division showed the Martoris as the titleholders of the motorcycle at the time of the accident, it is undisputed that they had no control over their son's use of it. They had purchased the motorcycle for Joseph when he was a minor living at home. An owner's handbook containing information on the brakes, their maintenance, and their stopping ability at certain speeds was delivered at the time of the sale. The Martoris also financed and insured the motorcycle. Joseph did all the repairs and maintenance. He removed the front brake shortly after the purchase and while he was living at his parents' house. At the time of the accident Joseph was twenty years old. He had been living away from home since college began

the previous fall and he was self-supporting. Both he and his parents considered the motorcycle his. He had been exercising complete control over its use since the time he moved out of his parents' house.

Siverson contends that liability may be imposed upon the Martoris because they had a duty of ordinary care as owners to prevent the motorcycle from being operated on the public highways in a dangerous condition even though the condition was brought about by Joseph. Siverson argues that the record supports inferences that this duty was breached and that the breach proximately caused his injuries. We need not, however, decide whether the record supports these inferences, because we view the postulated negligence standard inapplicable to the claim against the Martoris.

 The legal relationship which existed between Joseph and the Martoris was one of bailment. The Martoris purchased and held record title to the motorcycle. They delivered it to their son, Joseph, and he used it for his own purposes, unrelated to the general activities of the Martori household and free from the control of his parents. The Martoris were bailors. Joseph was a bailee. The bailment was a gratuitous one for the sole benefit of the bailee. By borrowing the motorcycle from Joseph, Siverson became a permittee of the bailee Joseph and a sub-bailee of the Martoris. As such, Siverson stands in no better position than the bailee. Annot., 46 A.L. R.2d 404, 433 (1956).

 It is well established that, in the absence of statutory liability or the owner's independent negligence, an owner of a motor vehicle is not liable for the negligence of a borrower to whom he has relinquished control over the vehicle and who is using it exclusively for his own purposes. *Schneider v. McAleer*, 39 Ariz. 190, 4 P.2d 903 (1931); *Peterson v. Feldman*, 7 Ariz.App. 75, 436 P.2d 169 (1968). *See also* W. Prosser, *The Law of Torts*, 482 (4th ed. 1971). Since this is the case here, the liability of the Martoris must be established not through any negligence of Joseph but by reason of the claimed dangerous condition of the motorcycle itself.

 A bailor, even if the bailment is gratuitous, owes a duty to the bailee to use reasonable care to see that the subject of the bailment is in a reasonably safe condition. *Patterson v. Chenowth*, 89 Ariz. 183, 360 P.2d 202 (1961); *Casey v. Beaudry Motor Co.*, 83 Ariz. 6, 315 P.2d 662 (1957); *State v. Standard Oil Co.*, 3 Ariz.App. 389, 414 P.2d 992 (1966). However, the bailor is not liable to the bailee or to a third person for a dangerous condition which arises after delivery of the subject of the bailment to the bailee. *State v. Standard Oil Co. See also* Annot. 46 A.L.R.2d, *supra* at 423. Since the Martoris delivered the motorcycle to their son right after they bought it and it was only after the delivery that Joseph removed the front brake, the Martoris would not be subjected to liability under the common law of bailment.

Siverson contends, nevertheless, that the owner of a vehicle has a duty to maintain and repair the brakes which is nondelegable. Siverson relies upon the Arizona Supreme Court decision in *Rager v. Superior Coach Sales & Service*, 111 Ariz. 204, 526 P.2d 1056 (1974) as authority, but *Rager* is not so broad in its holdings and its facts are distinguishable. In *Rager* the owner brought the vehicle into the manufacturer for repair of defective brakes under a warranty. The manufacturer arranged for the work to be done by an independent contractor. The Supreme Court found that the manufacturer could be held liable for the independent contractor's negligence on the basis that repair of brakes is "an undertaking which creates a high degree of risk of serious bodily harm," *id.* at 211, 526 P.2d at 1063, and is, therefore, a nondelegable duty. The court adopted the rule found in *Restatement, Second, Torts* § 423 (1965), which states:

> One who carries on an activity which threatens a grave risk of serious bodily harm or death unless the instrumentalities used are carefully constructed and maintained, and who employs an independent contractor to construct or maintain

such instrumentalities, is subject to the same liability for physical harm caused by the negligence of the contractor in constructing or maintaining such instrumentalities as though the employer had himself done the work of construction or maintenance.

The present case is distinguishable from *Rager* and does not fall within *Restatement, Second, Torts* § 423. The Martoris did not undertake "an activity which threatens a grave risk of serious bodily harm." That risk was created by Joseph when he removed the front brake. We do not read *Rager* as imposing a nondelegable duty upon the owner to maintain safe brakes on a vehicle where a bailee has possession and control of the vehicle and where his actions alone bring about the unsafe condition.

Siverson also relies upon *Maloney v. Rath*, 69 Cal.2d 442, 71 Cal.Rptr. 897, 445 P.2d 513 (1968) and *Wentworth v. Ford Motor Co.*, 88 Nev. 535, 501 P.2d 1218 (1972) for the same contention. Here, again, these cases are distinguishable in that neither involved an alteration of the brake system by a bailee in possession and control.

Siverson refers us to two sections in Title 28 of the Arizona Revised Statutes which, he contends, would change the result. A.R.S. § 28–921(A) provides:

> It is a misdemeanor for any person to drive or move or for the owner to cause or knowingly permit to be driven or moved on any highway any vehicle or combination of vehicles which is in such unsafe condition as to endanger any person, or which does not contain those parts or is not at all times equipped with lamps and other equipment in proper condition and adjustment as required in this article, or which is equipped in any manner in violation of this article, or for any person to do any act forbidden or fail to perform any act required under this article.

A.R.S. § 28–101(30) defines "owner" for purposes of Title 28:

> "Owner" means a person who holds the legal title of a vehicle or, if a vehicle is the subject of an agreement for the conditional sale or lease with the right of purchase upon performance of the conditions stated in the agreement and with an immediate right of possession vested in the conditional vendee or lessee, the conditional vendee or lessee, or, if a mortgagor of a vehicle is entitled to possession, the mortgagor.

Siverson contends that a civil duty arises out of the quoted criminal statute, A.R.S. § 28–921(A), which could render the Martoris liable to Siverson even though the claimed dangerous condition was created by Joseph at a time when he had sole possession of the motorcycle. The cornerstone to this argument is that the law places responsibility upon the legal owner of a vehicle for unsafe conditions regardless of who has actual possession of the vehicle or the responsibility for its repair.

Some jurisdictions have, in analogous situations, imposed civil liability on the basis of criminal statutes similar to A.R.S. § 28–921(A). *See* Annot. 46 A.L.R.2d, *supra*, at 409, 425.

We need not decide whether we should do so here, however. We do not read the definition of "owner" in A.R.S. § 28–101(30) to apply to a holder of bare legal title in the context of imposing criminal liability under A.R.S. § 28–921(A). It is inconceivable to us that the legislature, in enacting A.R.S. § 28–101(30), intended the imposition of either civil or criminal liability on the holder of bare legal title. The provisions of A.R.S. § 28–101(30) for the conditional vendee or lessee and the mortgagor would appear to lend some support for this. In any event, we hold that, absent possession or control, the holder of bare legal title is not an "owner" under A.R.S. § 28–101(30) for the purpose of imposing criminal liability under A.R.S. § 28–921(A). This being the case, the criminal statute does not yield a civil duty which can be imposed upon the Martoris.

Even were we to assume that the Martoris were "owners" for the purpose of applying A.R.S. § 28–921(A), for liability to arise under the statute, the owner must

 

*know* of the unsafe condition. Because admissible evidence of knowledge by the Martoris of the claimed unsafe condition is absent from the record, there is nothing to sustain the claim against the motion for summary judgment.

■ Joseph and the Martoris each gave depositions. In answer to specific questions, the Martoris unqualifiedly denied knowing anything about Joseph's removal of the front brake of the motorcycle. The only portion of the record suggested by Siverson as showing their knowledge is the following deposition testimony of Joseph:

Q. Did you ever discuss with your mother or your father the changes that you had made to the bike?

A. No.

Q. Was it around the house there for them to see that you had taken the fender off, and removed the brake and changed the seat?

A. Oh, yes. My mother was always griping about that I was ripping it apart, ripping it up.

Q. Did you ever have any discussions with either one of your folks about the fact that you were operating with only a rear brake after you had taken the front brake off?

A. No.

Q. Did they know it?

A. Yes.

Joseph's statement that the Martoris knew about the removal of the front brake would be inadmissible without further foundation to prove knowledge on the part of the Martoris. This is particularly so in light of the preceding statement that Joseph never had any discussions with the Martoris concerning his driving the motorcycle with only a rear brake.

In view of the foregoing, we need not reach the argument made by the Martoris that the brakes on the motorcycle complied with the requirements of A.R.S. § 28–952 and that they are consequently relieved of liability.

For the reasons stated, the judgment is affirmed.

HAIRE, P. J., Department A, and NELSON, J., concur.