332 S.E.2d 281

**William H. SNYDER**

v.

**Robert Lee KECKLER and Evansville Food Distributors, Inc., a Corp.**

No. 16348.

Supreme Court of Appeals
of West Virginia.

Submitted April 24, 1985.

Decided July 9, 1985.

Orville L. Hardman, Parkersburg, for appellant.

Richard A. Hayhurst, Davis, Bailey, Pfalzgraf & Hall, Parkersburg, for appellee.

PER CURIAM:

This appeal from the Circuit Court of Wood County is brought by William H. Snyder, the plaintiff below, after a jury verdict in favor of the defendants, Robert Lee Keckler and Evansville Food Distributors, Inc. The appellant contends that the trial court erred in giving a sudden emergency instruction.

The accident occurred at the intersection of Garfield Avenue and Ann Street in Parkersburg, West Virginia on July 29, 1977. Garfield Avenue is a three-lane street which runs in a southerly direction; at the point where it intersects with Ann Street it becomes known as Fourth Street. There is a rather sharp curve immediately before the intersection.

The defendant was traveling south on Garfield Avenue driving the tractor part of a tractor-trailer owned by Evansville Food Distributors, Inc., his employer. About twenty feet from the intersection, as he was rounding the curve and just starting to apply his brakes in anticipation of stopping, the accelerator spring on the tractor broke and the pedal went to the floor causing the engine of the tractor suddenly to accelerate and pick up speed.

The defendant testified that when the spring broke he immediately disengaged the clutch and took the tractor out of gear. He continued to apply the brakes. However, upon realizing that he could not get the vehicle stopped short of the cars sitting at the intersection he decided to steer to the left of those cars and drive over the curb to avoid hitting them. Unfortunately for all parties involved, the tractor did not successfully climb the curb; it bounced back into the line of traffic and struck the plaintiff's automobile which was stopped at the intersection awaiting a favorable traffic signal. A drizzling rain was falling and the streets were wet at the time of the accident.

The only issue in this case is whether the court erred in instructing the jury on the law of sudden emergency. The appellant claims that there was no evidence to support the giving of a sudden emergency instruction.

In several cases we have recognized that the driver of an automobile is held to a reduced standard of care when he is suddenly confronted with unforseeable or emergency circumstances. *Ratlief v. Yokum,* 167 W.Va. 779, 280 S.E.2d 584 (1981); *Young v. Ross,* 157 W.Va. 548, 202 S.E.2d 622 (1974); *Reilley v. Byard,* 146 W.Va. 292, 119 S.E.2d 650 (1961); *Spurlin v. Nardo,* 145 W.Va. 408, 114 S.E.2d 913 (1960). The sudden emergency doctrine was stated in syllabus point 2 of *Reilley v. Byard, supra:*

A person in a sudden emergency, not created in whole or in part by his own negligence, who acts according to his best judgment or who, because of insufficient time to form a judgment, fails to act in the most judicious manner, is not guilty of actionable negligence if he exercises the care which would be exercised by a reasonably prudent person in like circumstances.

Clearly, an important aspect of this doctrine is that the party relying on it cannot have created the emergency, in whole or in part, by his own actions. *Henthorn v. Long,* 146 W.Va. 636, 122 S.E.2d 186 (1961). In the case before us, the appellant contends that the defendant was not entitled to a sudden emergency instruction because he did in fact create the emergency by his own negligence, i.e., driving a vehicle that was not in proper working

order as required by our motor vehicle statutes.

W.Va. Code 17C–16–1 [1951] requires all motor vehicles driven on the highways to be in good working order and safe mechanical condition. A violation of this statute, however, is not negligence *per se* which would have entitled the trial court to refuse the sudden emergency instruction. We have traditionally held that the violation of a motor vehicle statute is merely *prima facie* evidence of negligence which can be rebutted. *Spurlin v. Nardo,* 145 W.Va. 408, 415, 114 S.E.2d 913, 918 (1960). In this case the defendant presented evidence that the tractor-trailer was inspected weekly by the company and that regular company procedure required the truck to be inspected to make sure it was in good mechanical condition each time it went out on a trip. If the jury believed this evidence, as it was entitled to do, the defendant may not then be liable for driving a vehicle with a faulty accelerator spring of which he had no prior knowledge or warning. In any event, there being a question of fact as to whether the defendant was negligent, a violation of this statute was not grounds for denying the defendant's sudden emergency instruction.

In syllabus point 4 of *Poe v. Pittman,* 150 W.Va. 179, 144 S.E.2d 671 (1965), we held:

> In a civil action in which a party relies on the sudden emergency doctrine and in which the evidence concerning that issue is conflicting or where such evidence, though undisputed, is such that different inferences reasonably may be drawn therefrom, it is for the jury to determine whether such party was confronted with a sudden emergency, the nature and extent of the emergency, whether the emergency was created in whole or in part by the party relying upon it in justification of his conduct and whether he in the emergency conducted himself as a reasonably prudent person would have conducted himself in the same or like circumstances.

Under this principle, clearly it was for the jury to decide whether the defendant caused the emergency by his own negligence as the appellant contends.

The appellant also argues that the defendant was not entitled to a sudden emergency instruction because there was in fact no sudden emergency. This argument is predicated on the theory that the defendant could have avoided a collision with the plaintiff's vehicle if he had braked properly after the accelerator spring broke. Under syllabus point 4 of *Poe v. Pittman, supra,* this argument is meritless. The defendant testified that he was approximately twenty feet away from the intersection when the spring broke and the tractor accelerated, that it was raining and the streets were wet which made stopping more difficult than usual, and that the broken spring caused the tractor to increase its speed. We are of the view that this evidence was sufficient, if accepted by the jury, to give rise to the application of the sudden emergency doctrine and that therefore, the trial court properly submitted the instruction on sudden emergency to the jury.

Accordingly, the judgment of the Circuit Court of Wood County is affirmed.

Affirmed.