107 P.3d 934

Jana L. HUTTO, mother and surviving parent of Jared R. Francisco, decedent, Plaintiff–Appellant, Cross Appellee,

v.

Warren Barton FRANCISCO, III and Rhonda R. Francisco, husband and wife, Defendants–Appellees, Cross Appellants.

No. 1 CA–CV 03–0678.

Court of Appeals of Arizona, Division 1, Department B.

March 3, 2005.

Law Offices of Gregg A. Thurston, P.C. By Gregg A. Thurston, Phoenix, Attorneys for Plaintiff–Appellant, Cross Appellee.

Murphy, Lutey, Schmitt & Fuchs, P.L.L.C. By Michael R. Murphy and Milton W. Hathaway, Jr., Prescott, Attorneys for Defendants–Appellees, Cross Appellants.

## OPINION

LANKFORD, Presiding Judge.

¶ 1 This appeal requires us to decide whether a vehicle owner may bear tort liability for a death arising from the absence of a safety belt. Specifically, may a jury find that the owner must maintain the safety belt as part of his duty to keep his vehicle in safe operating condition? Is state tort law liability permitted despite the existence of federal safety regulation of vehicle manufacturers?

¶ 2 We answer both of these questions affirmatively. Accordingly, we reverse the superior court's summary judgment for Defendant vehicle owners.

¶ 3 Sadly, this case involves the death of the fifteen-year-old son of Defendant Warren Francisco III and of Plaintiff Jana L. Hutto. Their son was driving a 1971 Chevrolet pickup truck owned by himself and his father. The son was involved in a single-vehicle accident in which he was ejected from the vehicle. The truck lacked any safety belts.

¶ 4 The 1971 model truck was manufactured with safety belts.[1] At the time, federal law did not yet require safety belts, but the manufacturer had installed them.

¶ 5 Defendant and his son purchased the truck in 1999.[2] The truck then lacked the belts, but retained the cutouts in the seat for the belts. Defendant refurbished the truck after he purchased it, but did not replace the missing belts.

¶ 6 Plaintiff alleged that Defendants were negligent. The superior court granted summary judgment in favor of Defendants Warren Francisco III and his wife. The court apparently decided that, as a matter of law, the failure to reinstall safety belts in their vehicle was not unreasonable and could not constitute negligence. Plaintiff timely appealed. Our jurisdiction rests on Arizona

---

1. Defendants admit for purposes of summary judgment the allegation that the truck was manufactured with safety belts, but reserve the right to dispute the fact at trial.

2. The previous owners are not parties to this action.

Revised Statutes ("A.R.S.") section 12–2101(B) (2003). In a timely cross-appeal, Defendants contend that the court erred in ruling that this action is not preempted by federal law.[3]

¶ 7 We first address Defendants' argument that this action is preempted by federal law. We review federal preemption issues de novo. *Hill v. Peterson,* 201 Ariz. 363, 365, ¶ 5, 35 P.3d 417, 419 (App.2001). State law is preempted by federal law in three instances: (1) express preemption, when Congress explicitly defines the extent to which an enactment preempts state law; (2) field or implied preemption, when state law regulates conduct in a field Congress intended the federal government to occupy exclusively; and (3) conflict preemption, when state law actually conflicts with federal law. *Eastern Vanguard Forex, Ltd. v. Ariz. Corp. Com'n,* 206 Ariz. 399, 405, ¶ 18, 79 P.3d 86, 92 (App.2003) (citations omitted). Because Defendants do not clearly indicate how this action is preempted, we will address each. However, federal law does not preempt this tort action on any of these grounds.

¶ 8 Express preemption does not bar this action. Defendants rely on the National Traffic and Motor Vehicle Safety Act of 1966, Pub.L. 89–563, 80 Stat. 718, and the Federal Motor Vehicle Safety Standards, 49 U.S.C. § 30101, et seq. (2004) (formerly 15 U.S.C. § 1381 et seq.). However, Defendants cite no preemption provision. On the contrary, Congress disavowed such a purpose: "Compliance with a motor vehicle safety standard prescribed under this chapter does not exempt a person from liability at common law." 49 U.S.C. § 30103(e) (2004) (formerly 15 U.S.C. § 1397(k)). *See Geier v. Am. Honda Motor Co.,* 529 U.S. 861, 867–68, 120 S.Ct. 1913, 146 L.Ed.2d 914 (2000) (Safety Act forbids state safety standards that conflict with federal standards, but quoted language preserves state law tort actions, subject only to conflict preemption principles.).

¶ 9 Field or implied preemption also does not preclude this action. Defendants rely on *Hernandez–Gomez v. Volkswagen,* 201 Ariz. 141, 32 P.3d 424 (App.2001). *Hernandez–Gomez* held that the Federal Motor Vehicle Safety Standards impliedly preempted a product liability action against a vehicle manufacturer. *Id.* at 144–45, ¶ 13, 32 P.3d at 427–28 (citing *Geier,* 529 U.S. at 866, 120 S.Ct. 1913). Unlike *Hernandez–Gomez* and the other cases cited by Defendants, however, this action is not against a manufacturer, and the Act regulates only manufacturers. Instead, this case is against individuals, whose conduct is not regulated by the standards. Federal safety regulation of vehicle manufacturers does not occupy the field of tort liability among individuals who are owners or operators of vehicles or passengers in them.

¶ 10 Nor does preemption arise from conflict between state law and federal statutes. The Federal Motor Vehicle Safety Standards required passenger cars manufactured after January 1, 1968 to include seatbelts, and pickup trucks manufactured after January 1, 1972[4] to include the same. Defendants assert that this creates a conflict. Actual conflict between federal and state law occurs, for purposes of preemption, when it is impossible to comply with both federal and state law, or "where state law 'stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.' " *Hernandez–Gomez,* 201 Ariz. at 142–43, ¶ 3, 32 P.3d at 425–26 (citation omitted). Defendants have not demonstrated, nor have we found, an actual conflict. The Federal Motor Vehicle Safety Standards mandate the equipment that the manufacturers are required to install, while this action involves the duty of subsequent owners to maintain[5] their vehicles in a safe condition.

3. Defendants first moved for summary judgment, arguing that federal law preempted Plaintiff's claim. The superior court denied this motion. Defendants filed a second motion for summary judgment, arguing that they had no duty to reinstall the safety belts. Plaintiff filed a cross-motion for summary judgment, contending that Defendants were negligent as a matter of law. The court granted Defendants' second motion and denied Plaintiff's motion.

4. The record does not reveal the exact date of manufacture of the truck, but does show that it was a 1971 model. If manufactured prior to the effective date of the federal mandate, the absence of a conflict is apparent.

5. Maintain is defined as "[t]o continue [or to] preserve or keep in a given existing condition." Webster's II New College Dictionary 660 (2001).

Accordingly, the court did not err in ruling that this action is not preempted by federal law.

¶ 11 We now turn to whether Plaintiff has a viable tort claim under state law. Plaintiff's claim should not have been rejected by summary judgment. Summary judgment is appropriate only where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Orme Sch. v. Reeves,* 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990). In reviewing a summary judgment, we determine de novo whether questions of material fact exist and whether the court properly applied the law. *Allstate Ins. Co. v. Universal Underwriters, Inc.,* 199 Ariz. 261, 263, ¶ 3, 17 P.3d 106, 108 (App.2000). We hold that Plaintiff is entitled to a jury determination of her claim that Defendants failed to maintain the vehicle in a safe condition.

¶ 12 Plaintiff first argues that Defendants were negligent per se because they failed to reinstall the safety belts, thus allowing the truck to be driven in an unsafe condition in violation of A.R.S. § 28–921(A)(1)(a) (2004). "Negligence per se applies when there has been a violation of a specific requirement of a law." *Griffith v. Valley of the Sun Recovery and Adjustment Bureau, Inc.,* 126 Ariz. 227, 229, 613 P.2d 1283, 1285 (App.1980) (citation omitted).

¶ 13 However, the statute involved, A.R.S. § 28–921(A)(1)(a), does not create a sufficiently specific standard by which conduct is to be measured. It provides only a general principle that vehicles must be safely maintained, and does not specifically require safety belts. The statute provides:

A. A person shall not:

1. Drive or move and the owner shall not knowingly cause or permit to be driven or moved on a highway a vehicle or combination of vehicles that:

(a) Is in an unsafe condition that endangers a person.

A.R.S. § 28–921(A)(1)(a).

¶ 14 Such a general standard does not support negligence per se. "The statute or regulation must 'proscribe certain or specific acts' to support a finding of ... negligence *per se.*" Jefferson L. Lankford & Douglas A. Blaze, *The Law of Negligence in Arizona* § 3.05[2] (3d ed.2004) (quoting *Griffith,* 126 Ariz. at 229, 613 P.2d at 1285). "Therefore, if a statute defines only a general standard of care ... negligence *per se* is inappropriate." *Id.* Arizona courts have deemed similarly general statutes inadequate for negligence per se. *See Deering v. Carter,* 92 Ariz. 329, 333, 376 P.2d 857, 860 (1962) (jury instruction was erroneous that stated that the failure to drive an appropriate reduced speed when approaching or crossing an intersection or hill crest in the presence of an actual or potential hazard was negligence per se); *Griffith,* 126 Ariz. at 229, 613 P.2d at 1285 (violation of the statute authorizing repossession without judicial process if it can be accomplished without a breach of the peace is not negligence per se because the statute does not proscribe certain or specific acts). *See also Snyder v. Keckler,* 175 W.Va. 268, 332 S.E.2d 281, 283 (1985) (violation of statute requiring all motor vehicles driven on highways be in good working order and safe mechanical condition is not negligence per se). Accordingly, negligence per se does not apply.

¶ 15 Although Defendants were not negligent per se, a jury might find negligence under the common law standard. Negligence requires proof of a duty owed to the plaintiff, a breach of that duty, an injury proximately caused by that breach, and damage. *Ontiveros v. Borak,* 136 Ariz. 500, 504, 667 P.2d 200, 204 (1983).

¶ 16 The superior court correctly found that Defendants had a duty not to expose users of the vehicle to an unreasonable risk. The owner of a vehicle has a duty to maintain his vehicle in a reasonably safe condition. *See* A.R.S. § 28–921(A)(1)(a). *See also Siverson v. Martori,* 119 Ariz. 440, 443, 581 P.2d 285, 288 (App.1978) (owners of motorcycle owed duty to keep it in reasonably safe condition). The court further found that the risk was foreseeable.

¶ 17 The court, however, incorrectly granted Defendants' motion for summary judgment because it found the risk of harm was not unreasonable. This question should have been left for the jury to resolve.

¶ 18 While "[n]ot every foreseeable risk is an unreasonable risk," deciding whether a risk was unreasonable "requires an evaluative judgment ordinarily left to the jury." *Rogers v. Retrum*, 170 Ariz. 399, 402–03, 825 P.2d 20, 23–24 (App.1991). However, "courts set [the] outer limits [and a] jury will not be permitted to require a party to take a precaution that is clearly unreasonable." *Id.* at 403, 825 P.2d at 23 (citation omitted).

¶ 19 We cannot say as a matter of law that it is unreasonable to expect an owner to maintain the original safety equipment in the vehicle installed by the manufacturer, or that the risk posed by the absence of such equipment is one that motorists or passengers should reasonably bear. "As a general rule, a motorist is simply better off wearing a seat belt." *Law v. Superior Court*, 157 Ariz. 147, 153, 755 P.2d 1135, 1141 (1988).

¶ 20 The importance of such devices in preventing death and avoiding injury is beyond doubt. Lack of a safety restraint markedly increases the risks of ejection from the vehicle and of death. In 2003, according to the National Highway Traffic Safety Administration, 70 percent of pickup truck drivers killed in traffic crashes were not using restraints. U.S. Department of Transportation, National Center for Statistics & Analysis, Traffic Safety Facts 2003—Occupant Protection, DOT HS 809 765. The government further reported that use of safety belts reduces risk of fatal injury by 60 percent for light truck occupants. *Id.* Moreover, in 2003, 74 percent of passengers ejected from the vehicle were killed. *Id. See also Law*, 157 Ariz. at 149, 755 P.2d at 1137 ("State and federal requirements for seat belt[s] ... were a response to increasingly authoritative evidence that seat belts could prevent many deaths and injuries arising from automobile accidents."); *Twohig v. Briner*, 168 Cal.App.3d 1102, 214 Cal.Rptr. 729, 731–32 (1985) (discussing importance of seatbelts in vehicle safety). Because a jury could find that failing to maintain the original safety equipment on the truck created an unreasonable risk of harm, the court improperly granted Defendants' summary judgment.

¶ 21 Other jurisdictions have considered similar situations. In *Tiemeyer v. McIntosh*, 176 N.W.2d 819 (Iowa 1970), taxicab passengers sued the driver and the owner of the cab, alleging that their injuries were enhanced by the failure to provide safety belts in the cab. *Id.* at 821. The passengers produced evidence "that seat belts are a valuable safety device [and] that the cost of installation is negligible." *Id.* at 822. The Supreme Court of Iowa stated that:

> The defendant cab company was under no statutory duty to have seat belts in its cab at the time this accident occurred. We believe the issue of negligence for failing to provided [sic] such a safety device was properly determined as a question of fact and not as a matter of law.

*Id.* Similarly, in *Mortensen v. Southern Pacific Company*, 245 Cal.App.2d 241, 53 Cal. Rptr. 851 (1966), an injured employee sued his employer under the Federal Employers' Liability Act for negligently failing to equip its vehicles with safety belts. *Id.* at 852. The vehicle was not required by statute to have safety belts. However, at the time of the accident, California statute required anchors for safety belts in new cars. *Id.* at 854. The California Court of Appeal held that "it was for the jury to decide whether defendant's failure to provide seat belts amounted to negligence." *Id.* at 853.

¶ 22 Defendants emphasize that they did not remove the safety belts. Instead, they merely failed to replace them when the truck was refurbished by Defendants after its purchase. This is a fact that distinguishes this case from others in which liability was allowed when the owners removed the safety belts, such as *Twohig v. Briner*.

¶ 23 We are unpersuaded, however, that this distinction relieves Defendants of liability as a matter of law. *See Tiemeyer, supra.* Defendants concede that they owed a duty to provide a reasonably safe vehicle. The existence of a duty requires the person subject to the duty to exercise reasonable care under the circumstances. *Markowitz v. Ariz. Parks Bd.*, 146 Ariz. 352, 356, 706 P.2d 364, 368 (1985). The jury must decide whether a breach of that standard occurred. *Isbell v. Maricopa County*, 198 Ariz. 280, 282, ¶ 6, 9 P.3d 311, 313 (2000). Defendants neither contended nor produced evidence that the burden of reinstalling safety belts was so great that, as a matter of law, their conduct could not be found unreasonable. In fact,

some evidence to the contrary was adduced. The vehicle was prepared to readily accept safety belts, such as by having cutouts in the seats to accept the belts. Defendant had substantially refurbished the vehicle himself, and was sufficiently mechanically adept to have been able to reinstall the safety belts, but omitted this safety measure in his restoration efforts. It is for the jury to decide whether the burden was a reasonable one in light of the risk of harm: "The risk/benefit analysis involved in deciding what is reasonable care under the circumstances is generally left to the jury. . . ." *Rossell v. Volkswagen of Am.*, 147 Ariz. 160, 164–65, 709 P.2d 517, 521–22 (1985).

█ ¶ 24 Son, as a co-owner of the vehicle, may have been comparatively negligent for failing to install the safety belts. "[U]nder the comparative fault statute, each person is under an obligation to act reasonably to minimize foreseeable injuries and damages." *Law*, 157 Ariz. at 155, 755 P.2d at 1143. Son co-owned the truck with Defendants, and was also subject to the duty to maintain the vehicle in a safe condition. But the consequence of Son's failure to install safety belts or his operation of the vehicle without them is for the jury to decide. *See* Ariz. Const. art. 18, § 5 ("The defense of contributory negligence . . . shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."); A.R.S. § 12–2505(A) (2003) ("[C]ontributory negligence . . . is in all cases a question of fact and shall at all times be left to the jury."). *See also Law*, 157 Ariz. 147, 755 P.2d 1135 (jury can consider evidence that plaintiff did not wear available safety belt in apportioning damages in automobile negligence action).

¶ 25 Accordingly, we affirm the court's denial of Defendants' motion for summary judgment based on federal preemption. However, we reverse the summary judgment in favor of Defendants, and remand for further proceedings.

CONCURRING: JOHN C. GEMMILL, and JAMES B. SULT, JJ.

