NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

UNITED BEHAVIORAL HEALTH, INC., a California corporation,
*Plaintiff/Appellee*,

*v.*

AURORA BEHAVIORAL HEALTH CARE-TEMPE, LLC; and AURORA
BEHAVIORAL HEALTH SYSTEM, LLC, *Defendants/Appellants*.

No. 1 CA-CV 14-0421
FILED 1-4-2017

Appeal from the Superior Court in Maricopa County
No. CV2013-016433
The Honorable Douglas L. Rayes, Judge *Retired*

**REVERSED AND REMANDED**

COUNSEL

Brownstein Hyatt Farber Schreck, LLP, Phoenix
By John C. West and Robert M. Kort
*Counsel for Plaintiff/Appellee*

Clark Hill PLC, Scottsdale
By Russell A. Kolsrud and Mark S. Sifferman
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Presiding Judge Andrew W. Gould delivered the decision of the Court, in which Judge Maurice Portley (Retired) and Judge Jon W. Thompson joined.

---

**G O U L D**, Judge:

¶1        This has been remanded to us pursuant to the Arizona Supreme Court's decision in *United Behavioral Health v. Maricopa Integrated Health Sys.*, 240 Ariz. 118 (2016) ("*United II*").  On remand, we have been directed to answer whether Appellant Aurora Behavioral Healthcare ("Aurora") may submit its ERISA-related claims to arbitration, or whether arbitration is preempted by ERISA.  *Id.* at 126, ¶ 29.  For the reasons discussed below, we hold that Aurora's ERISA-related claims may be submitted to arbitration and are not preempted by ERISA.

## FACTS AND PROCEDURAL HISTORY

¶2        We provide an abbreviated discussion of the facts and procedural history of this case; a more detailed version is contained in our prior decision, *United Behavioral Health v. Maricopa Integrated Health Sys.*, 237 Ariz. 559 (App. 2015) ("*United I*"), and in *United II*.

¶3        United Behavioral Health ("UBH") administers various types of health insurance plans, including ERISA benefit plans.  Aurora owns facilities that provide mental-health and substance-abuse treatment.  Aurora entered into a Facility Participation Agreement ("Facility Agreement") with UBH allowing it to participate in UBH's mental health care services network.  The Facility Agreement contains an arbitration clause stating the parties will "resolve any disputes about their business relationship," and if they are unable to do so, the dispute will be submitted to binding arbitration.[1]

¶4        As relevant here, members of ERISA plans administered by UBH received acute inpatient psychiatric care from Aurora.  When Aurora

---

[1]        According to the record, although the Facility Agreement contained a mandatory arbitration clause, the underlying ERISA Benefit Plans do not contain arbitration provisions.

sought reimbursement for a portion of its services, UBH denied coverage and refused payment.

¶5            In order to obtain reimbursement for its services, Aurora sought to arbitrate the disputed claims, but UBH refused. Aurora then filed an action in superior court to enforce the arbitration clause in the Facility Agreement. In response, UBH filed a motion to stay arbitration on the grounds Aurora's ERISA-related claims were not arbitrable.

¶6            The superior court granted UBH's motion to stay arbitration, concluding that Aurora's claims were not arbitrable, and must be resolved through ERISA's exclusive administrative claims procedures. Aurora appealed the court's order staying arbitration.

¶7            On appeal, we concluded that based on the language of the arbitration clause in the Facility Agreement, as well as the Federal Arbitration Act's ("FAA") strong presumption favoring arbitration, Aurora could compel arbitration unless there was a contrary provision in "ERISA expressing Congress' intent that" Aurora's claims were "nonarbitrable." *United I*, 237 Ariz. at 563, ¶ 15; *see United II*, 240 Ariz. at 122, ¶ 12. However, we did not decide the arbitrability of Aurora's ERISA claims because the record was unclear as to its ERISA standing. *United I*, 237 Ariz. at 568, ¶ 38.

¶8            We have now received a mandate from our supreme court directing that we decide whether "ERISA preempted arbitration through a 'contrary congressional command.'" *United II*, 240 Ariz. at 126, ¶ 29 (*quoting CompuCredit Corp. v. Greenwood*, 132 S. Ct. 665, 669 (2012)). Our supreme court has further directed:

> Whether Aurora has standing to pursue its claim has no bearing on whether Congress intended to preempt arbitration for ERISA-related claims. The standing issue, and any other defenses UBH might have to Aurora's claim, must be left to the arbitrator if the claim is subject to arbitration. . . . The court must assume that Aurora has asserted a viable claim and determine whether ERISA provides mandatory, exclusive procedures for adjudicating that claim.

*Id.*

## DISCUSSION

¶9            "Whether arbitration is preempted is a question of law we decide de novo." *United II*, 240 Ariz. at 122, ¶ 14 (citing *Hutto v. Francisco*,

210 Ariz. 88, 90, ¶ 7 (App. 2005)). Here, the sole issue is whether Congress has overridden the parties' agreement to arbitrate and the FAA's strong presumption for arbitration by some contrary provision in ERISA. *See United II*, 240 Ariz. at 126, ¶ 28.

**¶10** Congress' stated goals for ERISA are "to ensure uniform administrative enforcement" of employee benefit plans and to protect plan participants and beneficiaries. *Bui v. American Telephone & Telegraph Co. Inc.*, 310 F.3d 1143, 1148 (9th Cir. 2002); *see also Gobeille v. Liberty Mut. Ins. Co.*, 136 S.Ct. 936, 946 (2016); *Satterly v. Life Care Centers of Am. Inc.*, 204 Ariz. 174, 177, ¶ 8 (App. 2003) (stating the objectives of ERISA include protecting participants in employee benefit plans and "the creation of a uniform body of benefits law to minimize administrative and financial burdens of complying with varied state laws and the advancement of ERISA's broad remedial purpose"). To achieve those goals, ERISA provides comprehensive regulation of employee welfare and pension benefit plans. 29 U.S.C. § 1001; *New York State Conference of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 650 (1995). This includes a civil enforcement scheme that "completely preempts any state-law cause of action that 'duplicates, supplements, or supplants' an ERISA remedy." *Montefiore Med. Ctr. v. Teamsters Local 272*, 642 F.3d 321, 327 (2d Cir. 2011) (citing *Aetna Health, Inc. v. Davila*, 542 U.S. 200, 209 (2004)); *see also* 29 U.S.C. § 1132(a).

**¶11** Despite ERISA's exclusive civil remedy provision, the majority of courts have held that statutory ERISA claims can be "subject to compulsory arbitration under the FAA and in accordance with the terms of a valid arbitration agreement." *Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1122 (3d Cir. 1993). The text and legislative history of ERISA do not indicate that Congress intended to preclude arbitration of claims brought pursuant to the statute. *Bird v. Shearson Lehman/Am. Exp., Inc.*, 926 F.2d 116, 120 (2d Cir. 1991). "[N]o external legal restraints foreclose the arbitration of ERISA claims." *Williams v. HealthAlliance Hosps., Inc.*, 158 F. Supp. 2d 156, 161 (D. Mass. 2001) (collecting cases of federal courts that "have held that Congress did not intend to exclude actions arising under both the remedial and substantive portions of ERISA from arbitration pursuant to the FAA"); *see, e.g., Williams v. Imhoff,* 203 F.3d 758, 767 (10th Cir. 2000); *Kramer v. Smith Barney,* 80 F.3d 1080, 1084 (5th Cir. 1996); *Pritzker,* 7 F.3d at 1111, 1116–21; *Bird,* 926 F.2d at 119–120, 122; *Arnulfo P. Sulit, Inc. v. Dean Witter Reynolds, Inc.*, 847 F.2d 475, 477-78 (8th Cir. 1988); *but see CardioNet, Inc. v. Cigna Health Corp.*, 751 F.3d 165, 178 (3d Cir. 2014) (holding that ERISA plan participants and their assignees have the right to pursue ERISA claims in court rather than through a mandatory arbitration clause).

Indeed, in *Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 724 (9th Cir. 2000), the court held that "an ERISA plaintiff whose claim is governed by the contractual terms of the benefits plan, rather than by the statutory provisions of ERISA itself, must first exhaust the administrative dispute resolution mechanisms of the benefit plan's claims procedure," including any arbitration clause contained in the plan, before filing suit in federal court.

¶12         Accordingly, we conclude Aurora's ERISA-related claims can be submitted to arbitration.  However, in reaching this holding, we stress that we do not resolve whether Aurora has standing to pursue its ERISA-related claims, or whether its standing affects the arbitrability of its claims. In addition, apart from arbitrability, we do not address whether Aurora's claims are otherwise preempted by ERISA.

## CONCLUSION

¶13         For the reasons stated in this decision, we reverse the superior court's order staying arbitration, and we remand those claims for further proceedings consistent with this decision.  Additionally, in our discretion we deny Aurora's request for attorneys' fees pursuant to A.R.S. § 12-341.01, but award its request for costs on appeal subject to compliance with ARCAP 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA