IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RAMON IBARRA, *Plaintiff/Appellant*,

*v.*

EDWARD EDDIE GASTELUM, *Defendant/Appellee*.

No. 1 CA-CV 19-0597

FILED 07-23-2020

Appeal from the Superior Court in Maricopa County
No. CV2016-011822
The Honorable James D. Smith, Judge

**AFFIRMED**

COUNSEL

Ahwatukee Legal Office, P.C., Phoenix
By David L. Abney (argued)
*Co-Counsel for Plaintiff/Appellant*

Gutierrez Law Firm, P.C., Phoenix
By Francisco X. Gutierrez
*Co-Counsel for Plaintiff/Appellant*

Law Office of Ilya E. Lerma, L.L.C., Phoenix
By Ilya E. Lerma
*Co-Counsel for Plaintiff/Appellant*

Goering, Roberts, Rubin, Brogna, Enos & Treadwell-Rubin, P.C., Tucson
By Andrew T. Apodaca, Christopher Enos (argued)
*Counsel for Defendant/Appellee*

## OPINION

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Randall M. Howe and Chief Judge Peter B. Swann joined.

**T H U M M A**, Judge:

**¶1**        Plaintiff Ramon Ibarra appeals from a jury verdict in favor of defendant Edward Eddie Gastelum, the owner of the apartment where Ibarra lived. Ibarra argues the superior court erred in denying his request for a negligence per se jury instruction based on Gastelum's alleged breach of a statutory duty to keep the apartment in a fit and habitable condition. Because the statute Ibarra relies on does not contain the specificity required for a negligence per se jury instruction, the verdict is affirmed.

## FACTS[1] AND PROCEDURAL HISTORY

**¶2**        Ibarra and his family lived in the same apartment for nearly 25 years. Over the years, a crack developed and grew in the bedroom floor of Ibarra's apartment. Ibarra attempted to cover or fill the crack, but was not entirely successful. Gastelum purchased the apartment complex in October 2014. At that time, the crack was about two inches wide with sharp edges.

**¶3**        In December 2014, Ibarra stubbed and cut his left big toe on the edge of the crack. Initially, Ibarra washed and bandaged his toe. After a few days, he went to go see a physician's assistant and later a wound clinic. During a dozen visits over an extended period, the wound clinic cleaned and treated the toe with antibiotics. Those treatments, however, were unsuccessful. In June 2015, doctors amputated a portion of Ibarra's toe. Later that summer, Gastelum evicted Ibarra for failing to pay rent.

**¶4**        In December 2016, Ibarra sued Gastelum for negligence in injuring his toe. At a three-day jury trial in May 2019, Ibarra testified that he asked Gastelum "to look at some of the problems" with the apartment when Gastelum purchased the complex. Ibarra said he told Gastelum about his toe injury, but that Gastelum ignored him. Gastelum testified that the

---

[1] This court views the evidence in a light most favorable to the party requesting a jury instruction. *Cotterhill v. Bafile*, 177 Ariz. 76, 79 (App. 1993).

crack was unreasonably dangerous but denied ever seeing or hearing about the crack before Ibarra injured his toe. Gastelum added he did not inspect Ibarra's apartment and that Ibarra never told him about the crack or his injury.

**¶5**          Ibarra requested a negligence per se jury instruction based on Gastelum's statutory duty to keep the apartment in a fit and habitable condition. The court denied that request, but instructed the jury on negligence and premises liability. The jury found for Gastelum, the court entered judgment and Ibarra timely appealed. This court has jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and Arizona Revised Statutes (A.R.S.) Sections 12-120.21(A)(1) and -2101(A)(1) (2020).[2]

## DISCUSSION

**¶6**          Ibarra argues the court committed reversible error by refusing to give his requested negligence per se jury instruction. A court "must give a requested instruction if: (1) the evidence presented supports the instruction, (2) the instruction is proper under the law, and (3) the instruction pertains to an important issue, and the gist of the instruction is not given in any other instructions." *DeMontiney v. Desert Manor Convalescent Ctr. Inc.*, 144 Ariz. 6, 10 (1985).

**¶7**          Negligence per se "describe[s] those instances where certain acts or omissions constitute negligence without further inquiry [into] the circumstances or reasonableness of their occurrence." *Deering v. Carter*, 92 Ariz. 329, 333 (1962). Ibarra based his negligence per se jury instruction request on A.R.S. § 33-1324(A)(2), which provides: "A landlord shall . . . [m]ake all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition." If applicable, the requested negligence per se instruction would have directed the jury that, if it found Gastelum violated this statute, he was negligent (having breached a duty owed) and the jury should "determine whether that negligence was a cause of injury to" Ibarra. Gastelum argues the requested instruction was not proper because the statute: (1) does not support such an instruction in a personal injury action and (2) does not contain the specificity required for a negligence per se instruction.

---

[2] Absent material revisions after the relevant dates, statutes and rules cited refer to the current version unless otherwise indicated.

¶8　　　　Section 33-1324(A)(2) is part of Arizona's Uniform Residential Landlord and Tenant Act. *See* A.R.S. §§ 33-1301 to -1381. Ibarra presumes that a violation of the Act could serve as the basis for a negligence per se personal injury claim. The stated purposes of the Act, however, are to define and simplify the law "governing the rental of dwelling units and the rights and obligations of landlord and tenant" and to encourage both landlords and tenants "to maintain and improve the quality of housing." A.R.S. § 33-1302. Remedies available under the Act focus on relief other than personal injuries, such as possession, lease termination and payment for repairs. *See* A.R.S. §§ 33-1361 to -1378. Nowhere does the Act mention personal injury claims or remedies. Indeed, none of the cases cited by the parties find the Act provides the basis for a personal injury claim.

¶9　　　　Even if the Act could provide the basis for a negligence per se personal injury claim, Section 33-1324(A)(2) does not do so. Negligence per se is limited to situations involving a violation of a specific legal requirement, not a general standard of care. To provide the basis for a negligence per se claim, a statute "must proscribe certain or specific acts . . . . Therefore, if a statute defines only a general standard of care . . . negligence *per se* is inappropriate." *Hutto v. Francisco*, 210 Ariz. 88, 91 ¶ 14 (App. 2005) (citations and quotations omitted); *see also Griffith v. Valley of Sun Recovery & Adjustment Bureau, Inc.*, 126 Ariz. 227, 229 (App. 1980) ("Other jurisdictions have also limited the application of negligence per se to statutes which express rules of conduct in specific and concrete terms as opposed to general or abstract principles") (citing cases). Applying this analysis, Section 33-1324(A)(2) describes a general standard of care and lacks the specificity required for negligence per se. These and other Arizona opinions provide the analysis.

¶10　　　　For example, *Hutto* concluded that a statute prohibiting a person from knowingly driving or moving a vehicle when it "[i]s in an unsafe condition that endangers a person" set forth a "general standard," not the specificity required for a negligence per se instruction. 210 Ariz. at 91 ¶¶ 13-14 (quoting A.R.S. § 28–921(A)(1)(a)). *Hutto* reasoned the statute did "not create a sufficiently specific standard by which conduct is to be measured. It provides only a general principle that vehicles must be safely maintained, and does not specifically require safety belts." *Id.* at 91 ¶ 13. Similarly, *Reyes v. Frank's Serv. & Trucking, LLC*, held that a statute prohibiting "specified vehicular movements if they cannot 'be made with reasonable safety' . . . establishes a 'general standard of care,'" not the specificity required for a negligence per se instruction. 235 Ariz. 605, 612-13 ¶¶ 33, 35 (App. 2014) (construing California Vehicle Code § 22106; citations omitted); *accord Griffith*, 126 Ariz. at 229 (holding statute that "authorizes

repossession 'if this can be done without breach of the peace,' . . . does not proscribe certain or specific acts" required for negligence per se) (quoting A.R.S. § 44-3149). By contrast, *Reyes* suggested that a negligence per se instruction was appropriate "based on California Vehicle Code § 21461(a), which states, in essence, that it is unlawful for a driver to fail to obey a regulatory sign or signal." 235 Ariz. at 612 ¶ 33.

¶11 Notwithstanding these directives, Ibarra argues that Gastelum's obligations to "[m]ake all repairs" and "do whatever is necessary" for the apartment to be "fit and habitable" under A.R.S. § 33-1324(A)(2) are more specific than the statutes in *Hutto*, *Reyes* and *Griffith*. Ibarra argues that the negligence per se jury instruction was warranted because Section 33-1324(A)(2) "imposes a clear, understandable, positive duty on the landlord to act. It does not impose an unclear, obscure, optional standard of care." The availability of a negligence per se claim, however, does not turn on whether a "positive duty" exists, but whether the statute required or prohibited a specific act. *See Deering*, 92 Ariz. at 333. Phrases like "[m]ake all repairs," "do whatever is necessary" and "fit and habitable" describe generalized standards, not the "certain or specific acts" required for negligence per se to apply. *See Deering*, 92 Ariz. at 333; *accord Reyes*, 235 Ariz. at 612 ¶ 34; *Hutto*, 210 Ariz. at 91 ¶¶ 13-14.

¶12 Ibarra seeks to define "habitable" as requiring that the residence be "reasonably suited for its intended use." *Nastri v. Wood Bros. Homes, Inc.*, 142 Ariz. 439, 444 (App. 1984). That definition, however, is a generalized standard, without the specificity required for negligence per se. Indeed, *Reyes* found that such a standard, particularly the "reasonably" qualifier, could not provide the basis for a negligence per se claim. 235 Ariz. at 613 ¶ 35. Simply put, the Section 33-1324(A)(2) obligations do not provide the specificity required for a negligence per se claim or jury instruction.

¶13 Ibarra quotes *Schaefer v. Murphey*, 131 Ariz. 295, 298 (1982) for the proposition that, because the Act "sufficiently defines 'fit and habitable' to include maintenance of plumbing facilities in good and safe working order," "fit and habitable" must include a floor without a significant crack. *Schaefer*, however, addressed a tenant's claim under the Act for expenses incurred due to the landlord's failure to provide a habitable dwelling, not a negligence per se claim. *Id.* at 297-98. In concluding that the tenant could seek money damages under the Act for an inoperable toilet "materially affecting health and safety," *Schaefer* mentioned Section 33-1324(A)(2) but relied on the obligation in Section 33-1324(A)(4) that a landlord "[m]aintain in good and safe working order all electrical, plumbing, sanitary, heating, ventilating, air-conditioning and other facilities and appliances, including

elevators, supplied or required to be supplied by" the landlord. *Id.* Here, by contrast, Section 33-1324(A)(4) is not at issue. Finally, although Ibarra also cites *Schaefer* as defining "habitable," *Schaefer* disavowed doing so, stating "an interpretation of the term 'habitable' is not required for the purpose of this case." *Id.* at 298. For these reasons, *Schaefer* does not apply here.

**¶14** Finally, Ibarra argues that the negligence per se instruction was required "because habitability and fitness are fundamentally questions of fact." However, there is no error when the substance of a rejected jury instruction is adequately addressed by other instructions that were given. *See DeMontiney*, 144 Ariz. at 10. Here, the court correctly instructed the jury on negligence and premises liability. The premises liability instruction stated that "[i]f you find that Edward Gastelum had notice of the unreasonably dangerous condition and failed to use reasonable care to prevent harm under the circumstances, then Edward Gastelum was negligent." The jury instructions given adequately addressed negligence and premises liability, including a landlord's duty of care to a tenant.

## CONCLUSION

**¶15** Because Ibarra has shown no error, the judgment is affirmed. Because Ibarra is not the successful party, his request for costs under A.R.S. §§ 12-341 and -342 is denied. Gastelum is awarded his taxable costs on appeal contingent upon his compliance with Arizona Rules of Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:      HB