816 P.2d 244

**Paul F. HERBERMAN and Karen Herberman, husband and wife, Plaintiffs/Appellees,**

v.

**Leroy R. BERGSTROM, Chapter 11 Bankruptcy Trustee for Lemons and Associates, Inc., and affiliated companies, Case No. 85–273; Lemons and Associates, Inc., and Home Associates, Inc., a Nevada corporation, Defendants/Appellants.**

No. 2 CA–CV 90–0246.

Court of Appeals of Arizona, Division 2, Department A.

Feb. 26, 1991.

Review Denied Sept. 24, 1991.

DeConcini, McDonald, Brammer, Yetwin & Lacy, P.C. by Spencer A. Smith, Tucson, for plaintiffs/appellees.

Jaburg & Wilk, P.C. by Lawrence E. Wilk and Barbara B. Maroney, Phoenix, for defendants/appellants.

## OPINION

HATHAWAY, Judge.

This appeal is taken from the granting of summary judgment entered in favor of the plaintiffs in a quiet title action. The facts are undisputed, and the only question presented is whether a deed of trust recorded after a declaration of homestead has been recorded is subject to the homestead.

Appellees owned a home encumbered by a deed of trust and subject to two judgments filed by creditors. In July 1979, they executed a declaration of homestead on the property. In January 1985, appellees borrowed $44,600 from appellants, a part of which was used to pay the obligation secured by the deed of trust. Appellees also paid the judgment creditors. The excess amount of the loan, approximately $4,400, they retained. In effect, they consolidated their debt obligations and cashed out some of the equity in their home. The loan was secured by a deed of trust, which was recorded. The loan was for 18 months with interest only payments due monthly and the principal due at the end of that period. Appellees did not make the "balloon" payment when due, and appellants caused a trustee's sale to be held at which appellants purchased the property for $29,500. Appellees filed this quiet title action claiming that the trustee's sale was void because their property was exempt from sale because of their homestead declaration. On cross motions for summary judgment, the trial court ruled for appellees, finding that the homestead exemption protected their interest in the property.

On appeal, appellants argue: (1) the trial court erroneously interpreted and applied A.R.S. § 33–1103 in allowing the homestead declaration priority over their deed of trust; (2) there are issues of fact as to whether the homestead claim is barred by waiver or estoppel; (3) the trial court failed to apply the doctrine of equitable subrogation; (4) the trial court erred in denying their motion to amend their answer; and, (5) the grant of attorney's fees to appellees was improper. We affirm.

■ A.R.S. § 33–1101 provides that an adult resident of Arizona may "hold as a homestead exempt from attachment, execution and forced sale, not exceeding one hundred thousand dollars in value" his equity interest in his residence. In order to

protect lenders and others, A.R.S. § 33–1103, provides exceptions to the protection provided by the homestead exemption:

A. The homestead provided for in § 33–1101, subsection A, from the date of recording the claim, is exempt from process and from sale under a judgment or lien existing prior to recording the claim, except:

1. A consensual lien, including a mortgage or deed of trust, or contract of conveyance.

2. A lien for labor or materials claimed pursuant to § 33–981.

3. To the extent that a judgment or other lien, regardless of when the exemption is filed, may be satisfied from the equity of the debtor exceeding the homestead exemption under § 33–1101.

B. A sale as described in subsection A of this section and not excepted by subsection A, paragraph 1, 2, or 3 of this section made after the claim of homestead is recorded is invalid and does not convey an interest in the homestead, whether made under a judgment existing before or after recording of the claim.

Appellants argue that all consensual liens are covered by the exception in section A(1) of the statute regardless of when the lien attaches to the property. We disagree. The statute first provides that a homestead declaration, when made, renders void any preexisting judgments or liens on the property. The statute then creates certain exceptions to the general rule, one of which removes preexisting consensual liens from the effect of a later filed homestead declaration.

■■■ In interpreting a statute, we seek to determine and give effect to the intent of the legislature. *Calvert v. Farmers Ins. Co.*, 144 Ariz. 291, 697 P.2d 684 (1985). When the language of a statute is clear and leaves no opportunity for interpretation, the statutory language must be followed. *Jackson v. Phoenixflight Productions, Inc.*, 145 Ariz. 242, 700 P.2d 1342 (1985). The clear language of a statute is given its usual meaning unless impossible or absurd consequences would result. *In*

*re Marriage of Gray*, 144 Ariz. 89, 695 P.2d 1127 (1985).

The statute is clear and permits only one interpretation. Consensual liens, such as a mortgage, are not affected if the mortgagor later files a homestead exemption. As the court stated in *Maryland Nat'l Ins. Co. v. Ozzie Young Drilling Co.*, 22 Ariz. App. 195, 199, 526 P.2d 402, 406 (1974): "... it is reasonable that their liens [consensual] be protected from a homestead exemption perfected afterwards." The legislative intent is not difficult to determine. A lender who makes a loan to a property owner and looks to the property as security can search the title to ensure priority of his position. It would be unfair and inequitable to permit the borrower to record a homestead declaration subsequently and thereby relieve himself of the obligation to repay the debt.

If a homestead declaration exists on property, a potential lender can learn of it through a title search. Accordingly, the lender could refuse to make the loan unless the borrower waives the homestead declaration, A.R.S. § 33–1104, or the lender could make the loan with or without a waiver. The lender aware of a homestead declaration may choose to gamble that, in the event of default, the value of the property will equal or exceed the amount of the homestead exemption plus the amount of the loan.

■■■ Appellants next argue that a factual issue exists as to whether the homestead claim is barred by waiver or estoppel. Waiver of a homestead claim is governed by statute, A.R.S. § 33–1104, which requires, inter alia, that any waiver must be recorded in the county recorder's office. No waiver was recorded in this case. As for appellants' estoppel argument, such a defense requires that the one seeking its protection must have lacked knowledge and the means of acquiring knowledge of the facts relied upon. *Honeywell Inc. v. Arnold Const. Co.*, 134 Ariz. 153, 158, 654 P.2d 301, 306 (App.1982). Here, appellants had actual knowledge of the existence of the homestead claim.

590

Appellants next claim that the doctrine of equitable subrogation is applicable. They maintain that they are equitably subrogated to the position of the beneficiaries of the original deed of trust and therefore their loan is superior to the homestead claim. This argument is meritless. For equitable subrogation to apply, there must be an agreement, either express or implied, that the subsequent lender will be substituted for the holder of the prior encumbrance. *Peterman–Donnelly Eng'rs & Cont'rs Corp. v. First Nat'l Bank of Arizona,* 2 Ariz.App. 321, 408 P.2d 841 (1965); 83 C.J.S. Subrogation § 38 at 650 (1955). There was no such agreement here. Appellants make much of the fact that the escrow instructions indicated that they were to have "a first position Deed of Trust." That is exactly what they received. They are ahead of any other creditor. The statement in the escrow instructions does not indicate an agreement by appellees that appellants were to take the place of the beneficiaries of the original deed of trust.

Appellants also claim that material issues of fact exist which preclude summary judgment. This argument is contradicted by appellants' contention in their opposition to appellees' request for attorneys fees that "[t]he facts were uncontested in this case."

Appellants also claim that the trial court erred in failing to grant their motion to amend their answer to assert a right to equitable subrogation. Equitable subrogation is an affirmative defense which should have been raised in the initial answer, not in a motion filed after the trial court had granted appellees' motion for summary judgment. In any event, as we have previously concluded, the claim of equitable subrogation is meritless.

Appellants also argue that the trial court erred in denying their motion for a new trial. We will not reverse a denial of a motion for new trial without a showing of a clear abuse of discretion. *Standage v. Standage,* 147 Ariz. 473, 711 P.2d 612 (App.1985). We find no abuse of discretion.

Appellants claim that the trial court erred in awarding attorneys fees to appellees. The award of attorneys fees is discretionary. *Autenreith v. Norville,* 127 Ariz. 442, 622 P.2d 1 (1980). We find no abuse of discretion.

Appellants have raised many issues in this appeal, none of which have any merit. The law and the facts are clearly contrary to their position and fully support the decision of the trial court. Appellees have requested and are granted their attorneys fees on appeal in an amount to be determined on the basis of A.R.S. § 12–341.01 after compliance with Ariz.R.Civ. App.P. 21, 17B A.R.S.

Affirmed.

LIVERMORE and LACAGNINA, JJ., concur.