IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

HUGO REYES, *Plaintiff/Appellee/Cross-Appellant*,

*v.*

FRANK'S SERVICE AND TRUCKING, LLC, an Arizona limited liability
company, *Defendant/Appellant/Cross-Appellee*.

No. 1 CA-CV 13-0028
FILED 9-16-2014

Appeal from the Superior Court in Yuma County
No.  S1400CV200800665
The Honorable Lawrence C. Kenworthy, Judge

**AFFIRMED IN PART; VACATED AND REMANDED IN PART**

COUNSEL

Knapp & Roberts, PC, Scottsdale
By David L. Abney
*Co-Counsel for Plaintiff/Appellee/Cross-Appellant*

Shultz & Rollins, LTD., Tucson
By Silas H. Shultz and Michael F. Rollins
*Co-Counsel for Plaintiff/Appellee/Cross-Appellant*

Jardine Baker Hickman & Houston, PLLC, Phoenix
By Kendall D. Steele
*Co-Counsel for Defendant/Appellant/Cross-Appellee*

Melinda K. Cekander, PLLC, Flagstaff
By Melinda K. Cekander
*Co-Counsel for Defendant/Appellant/Cross-Appellee*

## OPINION

Judge Margaret H. Downie delivered the Opinion of the Court, in which Presiding Judge Kent E. Cattani and Judge Michael J. Brown joined.

D O W N I E, Judge:

¶1        A jury trial resulted in a verdict against defendant Frank's Service and Trucking, L.L.C. ("FST") based on a collision between FST driver Antonio Silva and plaintiff Hugo Reyes.  FST had made a pretrial offer of judgment that exceeded the amount Reyes would recover based on the jury's verdict.  The trial court denied FST's post-trial request for Arizona Rule of Civil Procedure 68(g) sanctions, though, because, after adding taxable costs to the damages award, Reyes's recovery exceeded the offer of judgment amount.  To resolve FST's claims that the court erred by denying Rule 68(g) sanctions and by awarding costs that were not recoverable, we must determine whether various litigation expenses were properly characterized as taxable costs.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Silva and Reyes were driving tractor/trailer rigs when they collided on an interstate highway in California.  According to Silva, he was moving forward on the shoulder and signaling his entry onto the freeway from an "Emergency Parking Only" area when Reyes struck him from behind.  Reyes contended Silva pulled into the through lane of travel quickly, leaving him no time to change lanes.  Reyes was injured in the accident and incurred medical expenses in excess of $150,000.

¶3        In November 2011, FST made an offer of judgment to Reyes for $200,001.00.  Reyes did not respond to the offer.  The jury's August 2012 verdict set Reyes's damages at $370,000.  Jurors, however, found that Reyes was 49% at fault, thereby reducing his recovery to $188,700.

¶4        During post-trial proceedings, Reyes claimed taxable costs exceeding $30,000, more than half of which he incurred before FST made its offer of judgment.  The trial court ruled that Reyes was entitled to recover $32,052.12 in taxable costs and denied FST's request for Rule 68 sanctions.  The final judgment awarded Reyes $188,700 in damages and $32,052.12 in taxable costs.

¶5          FST filed a timely notice of appeal, and Reyes filed a timely cross-appeal.  We have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(1).

## DISCUSSION

### I.  FST's Appeal

#### A.  Taxable Costs

¶6          "A party to a civil action cannot recover its litigation expenses as costs without statutory authorization."  *Schritter v. State Farm Mut. Auto. Ins. Co.*, 201 Ariz. 391, 392, ¶ 6, 36 P.3d 739, 740 (2001).  Taxable costs are identified in A.R.S. § 12-332(A); as relevant here, the statute provides:

> A.  Costs in the superior court include:
>
> 1.  Fees of officers and witnesses.
>
> 2.  Cost of taking depositions.
>
> . . . .
>
> 6.  Other disbursements that are made or incurred pursuant to an order or agreement of the parties.

Whether a particular expenditure qualifies as a taxable cost is a question of law that we review *de novo*.  *Foster v. Weir*, 212 Ariz. 193, 195, ¶ 5, 129 P.3d 482, 484 (App. 2006).

##### 1.  Deposition Expenses

###### a.  In-State Depositions

¶7          FST contends the trial court improperly awarded Reyes expenses his Tucson attorneys incurred attending in-state depositions.  We conclude otherwise.

¶8          "Section 12-332 does not specify which litigation expenses are taxable as costs of taking depositions."  *Schritter*, 201 Ariz. at 392, ¶ 9, 36 P.3d at 740 (holding that fees a party pays his own expert witness for deposition testimony are not recoverable as taxable costs).  Our appellate courts, though, have construed the statute as permitting the recovery of "fees for the court reporter and transcripts, reasonable travel expenses for

attorneys and court reporters attending the deposition, and costs of copies of deposition transcripts." *Id.*; *see also Johnston v. Univ. Hosp.*, 149 Ariz. 422, 425, 719 P.2d 308, 311 (App. 1986) (fees paid to adverse party's expert for time spent testifying at deposition are recoverable under § 12-332(A)(2)).

**¶9**        In *DeMontiney v. Desert Manor Convalescent Center,* this Court considered a claim for travel expenses that Phoenix attorneys incurred in attending depositions in Yuma. 144 Ariz. 21, 29, 695 P.2d 270, 278 (App. 1984), *vacated in part on other grounds*, 144 Ariz. 6, 695 P.2d 255 (1985). We upheld the trial court's characterization of those expenses as taxable costs under § 12-332(A). *Id.* Contrary to FST's assertion, *DeMontiney* remains valid authority on this point. Although the supreme court vacated the court of appeals' opinion regarding two specific issues, neither involved taxable costs. *DeMontiney*, 144 Ariz. 6, 8, 695 P.2d 255, 257.

**¶10**       We also disagree with FST's reliance on *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 224 P.3d 230 (App. 2010). The trial court in *Bennett* awarded certain costs that this Court deemed improper under A.R.S. § 12-332(A). *Id.* at 423, ¶ 37, 224 P.3d at 239. We stated, in pertinent part*:*

> [F]ew of the taxable costs charged . . . meet the definition in § 12-332(A). There are some costs for the taking of depositions, but their totals fall far short of the awards. Travel costs related to the taking of depositions outside Arizona and photocopies of deposition records have been determined to be taxable costs. However, the record does not adequately reflect whether any of the photocopying charges were for this purpose, nor does it appear that any of the depositions were taken outside of Arizona. Most of the costs awarded are for ineligible expenses such as photocopies, facsimiles, shipping, and travel expenses.

*Id.*

**¶11**       *Bennett* does not mention *DeMontiney*, and to the extent the above-quoted excerpt may be read as inferentially holding that in-state deposition expenses are not taxable costs, we disagree. The legislature has decreed that taxable costs include the "[c]ost of taking depositions." A.R.S. § 12-332(A)(2). Nothing in the statute suggests that in-state deposition costs differ in legal stature from out-of-state deposition

expenses, and FST has identified no policy rationale supporting different treatment. Indeed, such an artificial distinction would lead to absurd results. Under FST's interpretation of the statute, a Bullhead City, Arizona lawyer could not recover expenses incurred in driving to a deposition in Bisbee, Arizona (more than 800 miles round-trip) but *could* recover expenses associated with a deposition held in Laughlin, Nevada (roughly 12 miles round-trip).

¶12        Section 12-332(A)(2) does not differentiate between in-state and out-of-state deposition costs. Courts "are not at liberty to rewrite . . . statute[s] under the guise of judicial interpretation." *New Sun Bus. Park, LLC v. Yuma Cnty.*, 221 Ariz. 43, 47, 209 P.3d 179, 183 (App. 2009) (internal quotation marks omitted). We hold that both in-state and out-of-state deposition expenses may be recovered as taxable costs under § 12-332(A)(2) if they are reasonably and necessarily incurred. *See Fowler v. Great Am. Ins. Co.*, 124 Ariz. 111, 114, 602 P.2d 492, 495 (App. 1979) (trial courts have broad discretion in setting the amount of a taxable cost award and should consider the need for the expenditure and its reasonableness).

¶13        Nor did the trial court err by awarding Reyes costs associated with the depositions of David Hanpeter and Eric Shumaker. Hanpeter, a trauma doctor who treated Reyes after the collision, and Shumaker, the investigating California Highway Patrol Officer, were independent fact witnesses. They were neither experts retained by Reyes nor witnesses with whom Reyes had any affiliation beyond involuntary, emergency contact immediately after the collision. FST's reliance on *Young's Market Co. v. Laue*, 60 Ariz. 512, 141 P.2d 522 (1943), is misplaced. That case stands for the proposition that a party may recover costs incurred in attending out-of-state depositions of an opposing party's witnesses. *Id.* at 517, 141 P.2d at 524. It offers no guidance about whether expenses of deposing independent fact witnesses are taxable costs under A.R.S. § 12-332(A)(2).

¶14        FST also disputes the methodology Reyes used for calculating counsel's mileage to and from depositions. We agree that Reyes's methodology (deducting the cost of gas from the amount derived from the standard mileage rate, then adding the cost of gas back in) is odd. But FST does not contend the expenses would have been less had Reyes used its suggested approach, and Reyes's calculations reflect that the amounts would have been the same. Under these circumstances, we find no error in awarding the requested mileage expenses.

### b. Interpreter Expenses

**¶15**        FST contends the trial court improperly characterized the fee for an interpreter who translated at two depositions as a "witness fee" under A.R.S. § 12-332(A)(1).  And to the extent the interpreter expense *was* properly deemed a witness fee, FST asserts, A.R.S. § 12-303 limits the amount of the award to $12.

**¶16**        We will affirm the trial court's decision if it is correct for any reason.  *Ariz. Bd. of Regents ex rel. Univ. of Ariz. v. State ex rel. Ariz. Pub. Safety Ret. Fund Manager Admin.*, 160 Ariz. 150, 154, 771 P.2d 880, 884 (App. 1989).  This Court has previously held that various ancillary deposition expenses qualify as taxable costs under § 12-332(A)(2).  *See, e.g.*, *Rabe v. Cut and Curl of Plaza 75, Inc.*, 148 Ariz. 552, 555, 715 P.2d 1240, 1243 (App. 1986) (taxable costs include expenses necessarily and reasonably incurred to obtain adverse expert's deposition testimony); *Fowler*, 124 Ariz. at 114, 602 P.2d at 495 (taxable costs include "reasonable and necessary travel expenses incurred for the taking of depositions."); *Visco v. First Nat'l Bank of Ariz.*, 3 Ariz. App. 504, 508, 415 P.2d 902, 906 (1966) (Transcript expenses are costs "incidental to the taking of the deposition.").  In a similar vein, we now hold that the cost of an interpreter for a deponent is "an incidental expense in the taking of the deposition itself."  *See Visco*, 3 Ariz. App. at 509, 415 P.2d at 907.  Without the assistance of an interpreter, an individual who lacks English proficiency cannot meaningfully be deposed.

**¶17**        We disagree with the trial court's ruling that the interpreter functioned as a witness under A.R.S. § 12-332(A)(1).  An interpreter offers no independent testimony but instead serves as a verbatim conduit for oral communications at a deposition.  When a person requires the assistance of an interpreter to testify at a deposition, the interpreter's reasonable fee is a cost of taking the deposition that may be recovered under A.R.S. § 12-332(A)(2).

### c. Video-Recorded Depositions

**¶18**        FST next challenges Reyes's ability to recover costs incurred in video-recording depositions, arguing "no Arizona statute, rule or opinion holds that the cost of videotaping depositions (or obtaining copies of the videotapes) is a taxable cost."

**¶19**        Arizona Rule of Civil Procedure 30(b)(4) states that unless the parties stipulate or the court orders otherwise, depositions "shall be recorded by a certified court reporter and may also be recorded by audio

or audio-video means." Depositions may be video-recorded as a matter of right as long as the deposition notice complies with the requirements of Rule 30(b)(1) (notice must include "the technique for recording the deposition and the protocols to be used for such recording, the identity of the person recording the deposition, and the placement of camera(s)").[1]

**¶20**     Expenses associated with properly noticed video-recorded depositions are undeniably "[c]ost[s] of taking depositions." A.R.S. § 12-332(A)(2). As such, they qualify as taxable costs under the plain language of the statute. *See Herberman v. Bergstrom*, 168 Ariz. 587, 589, 816 P.2d 244, 247 (App. 1991) (clear language of a statute is given its usual meaning unless impossible or absurd consequences result), *abrogated on other grounds by Sourcecorp, Inc. v. Norcutt*, 229 Ariz. 270 (2012). That determination, though, does not end the inquiry. As noted *supra*, ¶ 12, trial courts must determine whether challenged expenditures, notwithstanding their status as taxable costs, were necessarily incurred and whether they are reasonable in amount. *See Fowler*, 124 Ariz. at 114, 602 P.2d at 495.

**¶21**     It is clearly appropriate for a litigant to obtain either a transcript of a deposition or a video recording of that same deposition. But when a party has chosen to incur expenses for both stenographic and video recording of a deposition, the trial court must determine the reasonableness and necessity of those expenses on a case-by-case basis.

**¶22**     In the context of a deposition transcript, it is well-established that the dispositive inquiry is not whether the transcript was actually used. *See In re Nelson*, 207 Ariz. 318, 325, 86 P.3d 374, 381 (2004) ("In Arizona the cost of taking a deposition is a taxable cost if it was taken in good faith, even though the deposition is not used."); *White v. Frye*, 27 Ariz. 447, 451, 234 P. 34, 35 (1925) (interpreting predecessor statute and holding that failure to use a deposition does not "affect the right to costs, unless it appears it was not taken in good faith"); *State ex rel. Corbin v. Ariz. Corp. Comm'n*, 143 Ariz. 219, 229, 693 P.2d 362, 372 (App. 1984) ("[T]he fact that the depositions were ultimately not used is not dispositive."). By logical extension, a party that seeks to recover the cost

---

[1]     Rule 30(b)(4) sets forth the initial payment responsibility for court reporters, transcripts, and audio-video recordings but offers no guidance regarding the ultimate treatment of those expenses as taxable costs.

of video-recording a deposition need not establish that the recording was actually used in later proceedings. But when a party opts for *both* a transcript and a video and later seeks to make an opponent financially liable for that election via a request for taxable costs, the necessity and reasonableness of both modes of preservation is a question for the trial court to resolve. In that context, actual use may be a relevant consideration. Other pertinent factors include whether the opposing party objected to both methods of memorializing the deposition, whether the objecting party also purchased both a transcript and video recording, the need for both for appellate purposes, and any witness-specific issues that made dual modes of preservation prudent.

¶23 We hold that a party is presumptively entitled to recover taxable costs associated with either a deposition transcript/court reporter or a deposition video/videographer. Based on an individualized determination of reasonableness and necessity, however, a trial court has the discretion to award costs for both.

¶24 The trial court here awarded Reyes costs for written transcripts and video recordings of several depositions. We cannot determine the reasonableness of and necessity for both modes of preservation based on the record before us. We therefore vacate the amounts awarded to Reyes for video-recording depositions that were also transcribed by a court reporter and remand that issue to the trial court for reconsideration based on the standards enunciated herein.

### d. No-Show Expenses

¶25 California Highway Patrol Officer Shumaker did not appear for his deposition in June 2012, though FST concedes Reyes subpoenaed him. Reyes's counsel incurred $609.75 in expenses associated with traveling to the scheduled deposition in California and $510 in cancellation charges by the court reporting firm. Additionally, on the date of Dr. Hanpeter's scheduled deposition, he telephoned to advise he was running late. The parties agreed to reschedule the deposition for the following day. The court reporter charged a $161.00 no-show fee.

¶26 The trial court did not err by awarding Reyes the costs associated with these no-show depositions. As noted *supra*, ¶ 13, Shumaker and Hanpeter were independent fact witnesses. FST does not contend they were not properly subpoenaed or that Reyes was in any way responsible for their failures to appear. Under these circumstances, the trial court properly characterized the no-show expenses as costs of taking

8

depositions that were recoverable under § 12-332(A)(2). *Cf. Papas v. Hanlon*, 849 F.2d 702, 704 (1st Cir. 1988) (no-show deposition costs are "incidental expenses" that qualify as taxable costs under 28 U.S.C. § 1920(2)); *Dishman v. Cleary*, 279 F.R.D. 460, 469 (N.D. Ill. 2012) (same).

### 2. Mediation Fee

**¶27**        FST contends the trial court improperly awarded Reyes his share of private mediation expenses. The court relied on § 12-332(A)(6), which authorizes a cost award for "[o]ther disbursements that are made or incurred pursuant to an order or agreement of the parties."

**¶28**        In their joint pretrial conference memorandum, the parties agreed to "attend private mediation by August 7, 2009." They did not specify how the mediation costs would be treated at the conclusion of the litigation, but FST's reply brief acknowledges that the parties agreed to share the expense initially.

**¶29**        We agree with the trial court that the relevant inquiry under the statute is whether the parties agreed to incur the costs, not whether they reached a specific agreement about how the costs would ultimately be classified. The record here supports the finding that "the Parties reached an agreement as to 'incurring' the [mediation] costs in question." Under these circumstances, the costs were properly awarded under § 12-332(A)(6).

### B. Offer of Judgment

**¶30**        We review FST's assertion it was entitled to Rule 68(g) sanctions *de novo*. *Bradshaw v. Jasso-Barajas*, 231 Ariz. 197, 199, ¶ 5, 291 P.3d 991, 993 (App. 2013). Rule 68(g) states, in relevant part:

> If the offeree rejects an offer and does not later obtain a more favorable judgment other than pursuant to this Rule, the offeree must pay, as a sanction, reasonable expert witness fees and double the taxable costs, as defined in A.R.S. § 12-332, incurred by the offeror after making the offer and prejudgment interest on unliquidated claims to accrue from the date of the offer. If the judgment includes an award of taxable costs or attorneys' fees, only those taxable costs and attorneys' fees determined by the court as having been reasonably incurred as of the date the offer was made shall be considered in determining if the judgment is more favorable than the offer.

¶31 Even if the trial court rules on remand that Reyes is not entitled to recover *any* expenses associated with video-recording depositions, the net damages award, coupled with taxable costs Reyes had incurred as of the date of the offer of judgment, will still exceed FST's offer of judgment. We therefore affirm the denial of FST's request for Rule 68(g) sanctions.

## II. Reyes's Cross-Appeal

¶32 Reyes cross-appeals from the trial court's refusal to give a requested jury instruction regarding negligence per se. We review the denial of a jury instruction for an abuse of discretion. *Strawberry Water Co. v. Paulsen*, 220 Ariz. 401, 409, ¶ 21, 207 P.3d 654, 662 (App. 2008).

¶33 Reyes asked the trial court to instruct jurors regarding negligence per se based on California Vehicle Code § 22106, which states: "No person shall start a vehicle stopped, standing, or parked on a highway, nor shall any person back a vehicle on a highway *until such movement can be made with reasonable safety*." (Emphasis added). The trial court declined to give the instruction, though it gave a different negligence per se instruction based on California Vehicle Code § 21461(a), which states, in essence, that it is unlawful for a driver to fail to obey a regulatory sign or signal.

¶34 Negligence per se applies when a person violates a specific legal requirement. *Hutto v. Francisco*, 210 Ariz. 88, 91, ¶ 12, 107 P.3d 934, 937 (App. 2005). The statute "must proscribe certain or specific acts . . . . Therefore, if a statute defines only a general standard of care . . . negligence *per se* is inappropriate." *Id.* at ¶ 14 (internal quotation marks omitted).

¶35 California Vehicle Code § 22106 prohibits specified vehicular movements *if* they cannot "be made with reasonable safety." Unlike § 21461(a), about which the trial court instructed, this statute establishes a "general standard of care" by tying the specified driving behaviors to "reasonable safety." *See Hutto*, 210 Ariz. at 91, ¶ 12, 107 P.3d at 937. As such, the trial court did not err by refusing the requested instruction.[2]

---

[2] Additionally, the jury was instructed that negligence is "the failure to use reasonable care" or "to act as a reasonably careful person would act under the circumstances." "[W]hen the substance of a proposed [jury] instruction is adequately covered by other instructions, the trial court is

## CONCLUSION

**¶36** We vacate the trial court's award of costs for video-recording depositions that were also transcribed by a court reporter, subject to reconsideration on remand. We affirm the remaining cost awards. We also affirm the denial of FST's request for sanctions under Rule 68(g) and deny relief under the cross-appeal. We award Reyes his taxable costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court

FILED: MJT

---

not required to give it." *State v. Gomez*, 211 Ariz. 111, 114, ¶ 14, 118 P.3d 626, 629 (App. 2005) (internal quotation marks omitted).