**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 09 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| GINA BURKHEAD, et al., | No. 13-16644 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-01687-SRB |
| v. | |
| STEWART TITLE GUARANTY COMPANY, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

|  |  |
|---|---|
| GINA BURKHEAD, et al., | No. 14-15130 |
| Plaintiffs - Appellants, | D.C. No. 2:10-cv-01687-SRB |
| v. | |
| STEWART TITLE GUARANTY COMPANY, et al., | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Argued and Submitted November 16, 2015
San Francisco, California

Before: McKEOWN, RAWLINSON, and DAVIS,[**] Circuit Judges.

Appellants contracted with Khelo International Developers S. de R.L. de C.V. ("Khelo") to buy condominiums in a luxury development slated for construction in Mexico. Due to a land dispute, the condominiums were never constructed, and Appellants were never refunded the money they had invested in the project. Appellants sued Appellees, the individual owners of Khelo, asserting claims for breach of contract and a violation of the Interstate Land Sales Full Disclosure Act ("ILSA"), as well as other statutory and tort claims. The district court granted summary judgment in favor of Appellees and, in a separate order, awarded Appellees attorneys' fees. Appellants appealed both orders, which have been consolidated for our review. For the reasons stated below, we affirm the judgments of the district court.

**1.** Appellants appeal (1) the grant of summary judgment, (2) the denial of Appellants' motion to strike Appellee's late-filed answer to the second amended complaint, (3) the denial of Appellants' motion for sanctions, and (4) the award of attorneys' fees to Appellees. We review *de novo* the district court's decisions

---

[**] The Honorable Andre M. Davis, Senior Circuit Judge for the United States Court of Appeals for the Fourth Circuit, sitting by designation.

regarding summary judgment and motions for sanctions. *Szajer v. City of Los Angeles*, 632 F.3d 607, 610 (9th Cir. 2011) (citations omitted) (summary judgment); *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 822 (9th Cir. 2011) (citation omitted) (sanctions). We review the denial of a motion to strike and the award of attorneys' fees for abuse of discretion. *United States v. $133,420.00 in U.S. Currency*, 672 F.3d 629, 637 (9th Cir. 2012) (motion to strike); *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 883 (9th Cir. 2000) (attorneys' fees).

**2.** In granting Appellees' motion for summary judgment, the district court concluded that (1) Appellees could not be sued individually for breach of contract by piercing the corporate veil, and (2) the ILSA claim failed because the contracts to purchase the condominiums were subject to the ILSA's two-year exemption under 15 U.S.C. § 1702(a)(2). On appeal, Appellants argue that the several grounds they asserted at the district court to pierce the corporate veil, when viewed as a whole, are sufficient to survive summary judgment.

Appellants' grounds, however, are either legally deficient or unsupported by the record and are thus insufficient—when viewed individually or holistically—to pierce the corporate veil. For example, undercapitalization is determined at the time of incorporation and "cannot be proved merely by showing that the

3

corporation is now insolvent." *Ize Nantan Bagowa, Ltd. v. Scalia*, 577 P.2d 725, 729 (Ariz. Ct. App. 1978). The record contains no evidence that Khelo was undercapitalized at the time it was incorporated. Similarly, "the mere fact that it is a one-man corporation does not mean the corporation is the alter ego of that one man." *Id.* at 728. Finally, the contracts make clear that Appellants entered into agreements with Khelo, not with Appellees in their individual capacities.

Appellants also argue that the ILSA's two-year exemption does not apply because the contracts did not obligate Appellees to deliver the condominiums within two years. We disagree. Because the contracts provided that the condominiums would be completed within two years, they imposed a legal duty on Appellees to complete construction within that time period. *See Flores v. Am. Seafoods Co.*, 335 F.3d 904, 910 (9th Cir. 2003) (citing *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1210 (9th Cir. 1999)). Nothing in the contracts negated the possibility of specific performance as a remedy, which is generally available under Arizona law. *See Woliansky v. Miller*, 661 P.2d 1145, 1147 (Ariz. Ct. App. 1983). And, contrary to Appellants' contentions, the force majeure clause in the contracts did not render the completion date illusory because the clause could not have been invoked at will. *See Flores*, 335 F.3d at 912–13.

**3.** The district court did not err in denying Appellants' motion to strike Appellee's late-filed answer. Appellants were not prejudiced by the late filing because Appellees asserted the ILSA's two-year exemption in a joint filing two months before Appellants filed the second amended complaint and a year before Appellants moved for partial summary judgment. Furthermore, § 1702(a)(2) is a statutory exemption to the conduct normally deemed impermissible under the ILSA; it is not a waivable defense.

**4.** The district court did not err in denying Appellants' motion for sanctions. When a party is accused of destroying evidence, sanctions are appropriate if the party "has some notice that the documents were potentially relevant to the litigation before they were destroyed." *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 959 (9th Cir. 2006) (emphasis omitted) (citation and internal quotation marks omitted). The record does not demonstrate that Appellees had such notice when they allowed a friend of Appellee Elvia Karina Gallardo-Montoya ("Gallardo") to take Gallardo's personal computer. Nothing in the record indicates that Gallardo or any other Khelo officer used the computer for corporate business. Gallardo also repeatedly denied having any knowledge of Khelo business affairs and testified that she did not believe that the computer contained any information about the condominium development.

**5.** The district court did not err in awarding attorneys' fees to Appellees under Ariz. Rev. Stat. Ann. § 12-341.01. The statutory and tort claims arose out of contract because they were interwoven with the breach of contract claim, *see Bennett v. Baxter Grp., Inc.*, 224 P.3d 230, 236 (Ariz. Ct. App. 2010), and the factors announced in *Associated Indemnity Corp. v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985) (in banc), weigh in favor of awarding fees. The district court also did not abuse its discretion in holding Appellant Merrill Niles jointly and severally liable for attorneys' fees, given that Niles never sought dismissal from the district court.

**6.** Appellants' motion to amend their briefs to include a request for attorneys' fees and costs incurred on appeal is denied as moot.

**AFFIRMED.**