NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

RALPH PURCELL, et al.,
*Plaintiffs/Appellees*,

*v.*

REX WILLIAMSON, et al.,
*Defendants/Appellants*.

No. 1 CA-CV 19-0486
FILED 3-10-2020

Appeal from the Superior Court in Maricopa County
No. CV2019-002449
The Honorable David W. Garbarino, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

The Law Offices of Mary T. Hone, PLLC, Scottsdale
By Mary T. Hone
*Counsel for Plaintiffs/Appellees*

The Law Office of Mark A. Tucker, PC, Mesa
By Mark A. Tucker
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

---

Judge Diane M. Johnsen delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Randall M. Howe joined.[1]

---

**J O H N S E N**, Judge:

¶1        Tenants Rex and Karen Williamson appeal the superior court's judgment in favor of landlords Ralph and Gail Purcell in an eviction action.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

¶2        The Purcells and the Williamsons entered into a residential lease agreement ("Lease") for a term of December 15, 2018 to November 30, 2019, with options to extend the Lease for two additional years.[2]  The Lease stated that the "Tenant shall not make any alterations, changes or improvements to the Premises without Landlord's prior written consent."

¶3        The Williamsons took possession of the property ("Property") on December 15, 2018.  Then, without the Purcells' written consent, the Williamsons removed an interior wall, ceiling fans and carpeting from the house on the Property.  After the Purcells discovered the changes and warned the Williamsons they were to make no further changes without their written consent, the Williamsons offered the Purcells a check for $13,600 bearing the memo, "Jan, Feb, March, April 2019."  According to Ms.

---

[1]        Judge Johnsen was a sitting member of this court when the matter was assigned to this panel of the court.  She retired effective February 28, 2020.  In accordance with the authority granted by Article 6, Section 3, of the Arizona Constitution and pursuant to A.R.S. § 12-145, the Chief Justice of the Arizona Supreme Court has designated Judge Johnsen as a judge *pro tempore* in the Court of Appeals, Division One, for the purpose of participating in the resolution of cases assigned to this panel during her term in office.

[2]        "When reviewing issues decided following a bench trial, we view the facts in the light most favorable to upholding the [superior] court's ruling." *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 417, ¶ 2 (App. 2010).

Williamson, she offered the check as prepayment for four months' rent. The Purcells deposited the check on January 2, 2019.

¶4 On January 10, without the Purcells' consent, the Williamsons had an electrician install a junction box, switches and receptacles in the house. The next day, the Williamsons requested the Purcells repair the outside front lights, remove water-remediation equipment and repair water damage.

¶5 A week later, the Purcells terminated the Lease and demanded that the Williamsons vacate immediately. After the Williamsons refused to move out, the Purcells brought a special-detainer action under Arizona Revised Statutes ("A.R.S.") section 33-1377 (2020) to evict the Williamsons and collect unpaid rent and other damages.[3] The Williamsons filed a counterclaim that alleged the Purcells acted in bad faith and unlawfully retaliated against them for requesting repairs.

¶6 The superior court denied the Williamsons' motion to dismiss the complaint. After a bench trial, the superior court then found that although the Williamsons materially breached the Lease when they removed the wall, fans and carpets without the Purcells' prior consent, the Purcells waived their right to terminate the Lease for that breach when they accepted the rent check on January 2. The court further found, however, that the Williamsons materially breached the Lease again *after* January 2 when they had the electrical work done without the Purcells' prior consent, and that the Purcells did not waive their right to evict for that breach by having earlier accepted the rent check. The court rejected the Williamsons' counterclaims and found the Purcells were entitled to possession of the Property. A final judgment provided a net-damages calculation for damages against the Williamsons and in favor of the Purcells (after accounting for the prepaid rent) and also awarded the Purcells their attorney's fees and costs. *See* Ariz. R. Civ. P. 54(c).

¶7 The Williamsons timely appealed. We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution, and A.R.S. §§ 12-120.21(A)(1) (2020) and -2101(A)(1) (2020).

## DISCUSSION

¶8 We will affirm the superior court's factual findings if they are supported by substantial evidence and not clearly erroneous, but we review

---

[3] Absent material revision after the relevant date, we cite the current version of a statute or rule.

legal questions *de novo*. *Bennett v. Baxter Grp., Inc.*, 223 Ariz. 414, 417, 419, ¶¶ 8, 16 (App. 2010). Whether a breach of a lease was material is a question of fact. *See Maleki v. Desert Palms Prof'l Props., L.L.C.*, 222 Ariz. 327, 333, ¶ 27 (App. 2009).

**A.      Purported Mootness.**

**¶9**        The Purcells argue the Williamsons' appeal is moot because they have vacated the Property and any favorable decision for them would not put them back in possession. Although "Arizona courts are not constitutionally constrained to consider only 'cases' or 'controversies,' we typically decline to consider moot or abstract questions as a matter of judicial restraint." *Kondaur Capital Corp. v. Pinal County*, 235 Ariz. 189, 192-93, ¶ 8 (App. 2014). "A case is moot when it seeks to determine an abstract question which does not arise upon existing facts or rights." *In re MH 2008-000028*, 221 Ariz. 277, 281, ¶ 13 (App. 2009) (citation omitted).

**¶10**       Regardless whether the dispute under the original Lease (which has now expired, given the passage of time) is moot, the superior court awarded the Purcells attorney's fees and costs pursuant to A.R.S. § 12-341.01 (2020), the Lease, and Arizona Rule of Procedure for Eviction Actions 13(f), all of which permit a fee award only to a prevailing or successful party. Because a favorable decision on the merits for the Williamsons therefore could affect the underlying fee award, we decline to dismiss their appeal as moot. *Cf., e.g.*, *Fisher v. Maricopa County Stadium Dist.*, 185 Ariz. 116, 119 (App. 1995) (court will decide merits of case if they affect a fee award; also, mootness is "solely a discretionary policy").

**B.      Erroneous Reference to Forcible-Detainer Statute.**

**¶11**       The Williamsons argue the superior court erred by treating the suit as a forcible-detainer action under A.R.S. §§ 12-1171 to -1183 (2020), rather than a special-detainer action under the Arizona Residential Landlord and Tenant Act ("ARLTA") pursuant to A.R.S. §§ 33-1301 to -1381 (2020). The Williamsons also contend the court "ignored key portions" of the ARLTA in its ruling.

**¶12**       The first sentence of the judgment, entered in a form lodged by counsel for the Purcells, states that the action arose from "Plaintiffs' Complaint for special detainer pursuant to A.R.S. § 12-1173.01(A)(2)." The statutory citation is a mistake; the cited statute allows a *forcible*-detainer action if the property at issue "has been sold through a trustee's sale under a deed of trust," a scenario inapplicable here.

**¶13** The Williamsons did not object to this aspect of the form of judgment before the superior court entered it. Although both parties agree this single, isolated citation was incorrect, it was a harmless error that in no way affected the substance of the judgment. *See In re Isler*, 233 Ariz. 534, 539, ¶ 18 (2014) (harmless error if immaterial to result). The superior court clearly treated this suit as a special-detainer action under A.R.S. §§ 33-1377 and -1368(A)(2) (2020) (authorizing special-detainer action if tenant is committing "imminent or actual serious property damage"). Further, contrary to the Williamsons' contention, the court fully considered and ruled on their waiver defense under A.R.S. § 33-1371 (2020), as well as their unlawful-retaliation counterclaim under A.R.S. § 33-1381(A)(3), both of which fall under the ARLTA. Accordingly, we reject the Williamsons' argument.

## C. The Williamsons' Waiver Defense.

**¶14** The Williamsons argue the superior court erred by "[i]gnoring" their contention that the Purcells waived their right to evict them by accepting rent on January 2 without first obtaining a written non-waiver agreement pursuant to § 33-1371.

**¶15** Section 33-1371(C) provides that "acceptance of rent, or any portion of rent, with knowledge of a default by the tenant . . . constitutes a waiver of the right to terminate the rental agreement for that breach." A landlord may preserve his or her right to terminate a lease for that breach, however, by obtaining a contemporaneous written non-waiver agreement from the tenant. *See* A.R.S. § 33-1371(A).

**¶16** Here, the superior court did not ignore the Williamsons' waiver defense; to the contrary, it ruled partially *in favor* of the Williamsons when it found that although they materially breached the Lease by removing the wall, fans and carpet without consent, the Purcells waived their right to terminate for *that* breach by accepting the rent check on January 2 with knowledge of the alterations.

**¶17** Nevertheless, the Purcells' acceptance of the rent check on January 2 did not preclude them from moving to evict the Williamsons for their January 10 breach. The Williamsons do not contend the Purcells knew when they accepted the check that the Williamsons were going to breach the Lease again by having the electrical work done. *See* A.R.S. § 33-1371(C) (acceptance of rent with knowledge of a breach only constitutes waiver "*for that breach*" (emphasis added)). The Lease also made clear that no waiver of any provision "shall . . . be deemed a waiver . . . of any subsequent breach

by Tenant of the same or any other provision" and that the "Landlord's consent to or approval of any act shall not constitute a continuing consent to or approval of any subsequent act by Tenant."

¶18 The Williamsons further argue, however, that the court erred by finding that the electrical alterations they made constituted a material breach sufficient to justify termination. Addressing this contention, first, although the Purcells' complaint did not explicitly refer to the January 10 electrical work, this did not preclude the court from considering it as a ground to terminate the Lease. The complaint alleged the Williamsons "were making significant alternations to the Property which Plaintiffs had never authorized, *including but not limited to*, destroying a load-bearing wall, removing and destroying newly installed ceiling fans and removing and destroying expensive carpet." (Emphasis added.) Both parties presented evidence at trial regarding the electrical work, the Purcells argued in closing that the electrical work by itself justified terminating the Lease, and the Williamsons had the opportunity to respond to that argument.

¶19 Second, substantial evidence supports the court's factual finding that the electrical work was a material breach, rather than a "trivial" one. *See Maleki*, 222 Ariz. at 333, ¶ 27. The evidence shows that without the Purcells' consent, on January 10, the Williamsons had an electrician install a junction box, switches and receptacles on the Property costing $624 and involving the installation of multiple pieces of equipment and connecting wiring within the house on the Property. The Williamsons have shown no error.

**CONCLUSION**

**¶20** For the foregoing reasons, we affirm the superior court's judgment in favor of the Purcells. Because they are the prevailing party, we award the Purcells their costs and reasonable attorney's fees on appeal as provided under the Lease, contingent on their compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA